David E. RIDINGS and Vickey
L. Ridings, Plaintiffs–
Appellants,

v.

The RALPH M. PARSONS COMPANY; Precision Stair Corporation; Walker and Sons Fabrication & Erection Company, Inc.; S & E Construction Co., Inc.; and KTM Associates, Inc., Defendants–Appellees.

Supreme Court of Tennessee,
at Jackson.

Jan. 29, 1996.

Shelby Circuit; Janice M. Holder, Judge, No. 02–S–01–9406–CV–00032.

Michael W. Whitaker, Covington (Dale H. Tuttle, Richard H. Booth, McDonald Kuhn, of Counsel), Memphis, for Plaintiffs–Appellants.

Louis F. Allen, Thomas L. Parker, Waring Cox, Memphis, Leo Bearman, Jr., Monique A. Nassar, Baker, Donelson, Bearman & Caldwell, Memphis, Robert L.J. Spence, Jr., Peter J. Dauster, The Hardison Law Firm, Memphis, for Defendants–Appellees.

## OPINION

REID, Justice.

This interlocutory appeal presents for resolution a narrow question of law. For the reasons hereinafter discussed, the decision of the Court of Appeals, allowing a defendant in an action for damages for personal injuries to plead as an affirmative defense that the plaintiff's employer caused or contributed to the plaintiff's injuries, is reversed.

### Pleadings

This is an action for personal injuries sustained by the plaintiff David E. Ridings, when he fell from a ladder during the course and scope of his employment by CBI–Nacon, Inc. The complaint, filed on January 22, 1991, alleges an action in negligence, gross negligence and strict liability against the Ralph M. Parsons Company, Precision Stair Corporation, Walker and Sons Fabrication & Erection Company, Inc., S & E Construction Co., Inc., and KTM Associates, Inc.

After the release of this Court's opinion in *McIntyre v. Balentine*, 833 S.W.2d 52 (Tenn.1992), on May 4, 1992, each defendant filed a motion to amend its answer to assert as an affirmative defense that other parties or nonparties, including but not limited to CBI–Nacon, proximately caused or contributed to the plaintiff's injuries. The trial court allowed the answers to be amended except as to the affirmative defense that the plaintiff's employer was negligent. The Court of Appeals reversed the decision of the trial court as to the employer, holding that, pursuant to *McIntyre*, the defendants are entitled to allege that the plaintiff's employer was negligent and assert that alleged negligence as an affirmative defense.

### Standard of Review

■ The issue presented is a question of law raised by the defendants' motions to amend their answers. Consequently, the scope of review is *de novo* with no presumption of correctness. *See* Tenn.R.App.P. 13(d); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn.1993).

### Issue

The issue presented is whether the defendants in this suit for personal injuries based on allegations of negligence and strict liability in tort can assert as an affirmative defense that the plaintiff's employer caused or contributed to the plaintiff's injuries and damages, notwithstanding that the injuries alleged were sustained in the course and scope of the plaintiff's employment which was covered by the workers' compensation law of Tennessee.

The plaintiff contends that allowing the jury to attribute fault to the plaintiff's employer, against whom the plaintiff cannot maintain an action for damages, violates the *McIntyre* principle that the "plaintiff's damages are to be reduced in proportion to the percentage of the total negligence attributable to the plaintiff." *McIntyre v. Balentine*, 833 S.W.2d at 57.

The defendants counter that excluding the plaintiff's employer from those persons to whom fault may be attributed violates the *McIntyre* principle that defendants will be "liable only for the percentage of a plaintiff's damages occasioned by that defendant's negligence." *Id.* at 58.

The issue presented was anticipated but not decided in *McIntyre*. There, the Court observed that the treatment of nonparties "should await an appropriate controversy." *Id.* at 60.

### Analysis

■ This is a transitional case which must be tried according to the principles of comparative fault to the extent that the application of those principles does not impose upon any party a substantial injustice. *Id.* at 58; *Owens v. Truckstops of America*, 915 S.W.2d 420, 424 (Tenn.1996). However, application

of comparative fault principles to this case requires no transitional procedure. The Court finds that the acts and omissions of an employer covered by the worker's compensation law neither enlarge nor limit the rights or liabilities of any party to a tort action by an employee governed by the doctrine of comparative fault.

Prior to the release of *McIntyre*, the defendants could be held jointly and severally liable for the full burden of the plaintiff's damages even if the acts or omissions of the employer or the plaintiff's fellow employees had contributed to the plaintiff's injuries. Also, each of the defendants found liable could assert a claim for contribution or indemnity against the other defendants and third-party defendants, but not against the employer. The rule was well-stated in *Rupe v. Durbin Durco, Inc.*, 557 S.W.2d 742 (Tenn. Ct.App.1976), *overruled on other grounds, Crosslin v. Alsup*, 594 S.W.2d 379 (Tenn. 1980). That court held that where a third-party tortfeasor is found liable for injuries to a worker, the third party may not seek indemnity from the worker's employer if the employer was liable under the workers' compensation laws.[1] The court stated:

> Workmen's Compensation laws are designed to liberalize the basis for employees' claims against employers for accidental injuries arising out of and in the course of employment. However, such laws restrict the amount of damages by excluding pain and suffering. The Tennessee Contribution Among Tortfeasors Act expressly prohibits contribution under the Workmen's Compensation laws.
>
> ... To permit indemnity against an employer would in effect permit a third party tortfeasor to indirectly force an employer to pay for pain and suffering. The employee is not entitled to this under the Workmen's Compensation Act.

*Id.* at 749–50.

The decision in *McIntyre* obviously does not allow the employer to be held liable directly, as a defendant in the employee's suit for damages,[2] or indirectly, as a joint tortfeasor liable for contribution or indemnity. However, the defendants insist that fault can be attributed to the employer, and the liability of the defendants can be decreased accordingly, without the imposition of liability upon the employer. This proposition is not consistent with the Tennessee doctrine of comparative fault.

The principle of several liability among tortfeasors, announced in *McIntyre*, provides the policy basis for the decision in this case. In *McIntyre*, the Court set forth the framework for determining liability on the defendant side of the equation.

> Fourth, fairness and efficiency require that defendants called upon to answer allegations in negligence be permitted to allege, as an affirmative defense, that a nonparty caused or contributed to the injury or damage for which recovery is sought. In cases where such a defense is raised, the trial court shall instruct the jury to assign this nonparty the percentage of the total negligence for which he is responsible. However, in order for a plaintiff to recover a judgment against such additional person, the plaintiff must have made a timely amendment to his complaint and caused process to be served on such additional person. Thereafter, the additional party will be required to answer the amended complaint. The procedures shall be in accordance with the Tennessee Rules of Civil Procedure.

*McIntyre v. Balentine*, 833 S.W.2d at 58.

The rationale of *McIntyre* postulates that fault may be attributed only to those persons against whom the plaintiff has a cause of action in tort. The designation "nonparty," used in *McIntyre*, is not a term of art; it means "not a party." [3] However, it is given a

---

1. The Workers' Compensation Act allows indemnity claims when the employer has expressly contracted to indemnify the third party. Tenn. Code Ann. § 50–6–108(b) (1991).

2. The exclusive remedy provision of the Workers' Compensation Act, Tenn.Code Ann. § 50–6–108(a), eliminates any tort liability on the part of the employer.

3. Nonparty is not otherwise defined as a legal term. *See Black's Law Dictionary* (6th ed. 1990).

particular meaning by the decision in *McIntyre*, wherein the Court found that, upon a defendant's allegation that a person not a party to the suit, a "nonparty," caused or contributed to the plaintiff's injuries, the plaintiff, by amendment to the complaint and service of process, may make the "nonparty" a "party" that is answerable to the plaintiff in actions for damages according to the Rules of Civil Procedure. Consequently, only a nonparty against whom the plaintiff has a cause of action can be made a party. Since the plaintiff's employer cannot be made a party to the plaintiff's tort action for personal injuries sustained in the course and scope of his employment, the rationale of *McIntyre*, both as to principle and procedure, will not permit fault to be attributed to the plaintiff's employer.[4]

This conclusion is confirmed by Tenn.Code Ann. § 20–1–119(a) (1994),[5] which was enacted in furtherance of the Tennessee doctrine of comparative fault. Although that statute is not applicable to this case,[6] it contemplates that those persons to whom fault may be attributed are limited to those against whom liability for the plaintiff's damages may be asserted. The second condition in subsection (a), "if the *plaintiff's cause or causes of action against such person* would be barred by any applicable statute of limitations," limits the operation of the statute to "a person not a party to the suit" against whom the plaintiff has a cause of action. The statute also contemplates that the plaintiff's cause of action against that person may be asserted according to Rule 15, Tennessee Rules of Civil Procedure, or in a separate action. The principles of liability acknowledged in Section 20–1–119, and the procedure authorized to enforce that liability, preclude the attribution of fault to the plaintiff's employer, which is not "a person not a party to the suit" against whom the plaintiff has a cause of action.

This conclusion is also consistent, on principle, with provisions of the Contribution Among Tortfeasors Act, not addressed in *McIntyre*, which prohibit the assessment of liability against persons to whom immunity

---

**4.** "[I]t is generally held that the employee cannot be met with a defense that his own employer's negligence contributed to the injury." 2B Arthur Larson, Workmen's Compensation Law § 75.22, at 14–649 (1995); *see e.g.*, *Carriere v. Cominco Alaska, Inc.*, 823 F.Supp. 680, 692 (D.Alaska 1993); *Durniak v. August Winter and Sons, Inc.*, 222 Conn. 775, 610 A.2d 1277, 1280 (1992); *Mermigis v. Servicemaster Indus., Inc.*, 437 N.W.2d 242, 247 (Iowa 1989); *C & K Lord, Inc. v. Carter*, 74 Md.App. 68, 536 A.2d 699, 702 (1988); *Van Hook v. Harris Corp.*, 136 Mich.App. 310, 356 N.W.2d 18 (1984); *Nyquist v. Batcher*, 235 Minn. 491, 51 N.W.2d 566, 572–73 (1952); *Cordier v. Stetson–Ross, Inc.*, 184 Mont. 502, 604 P.2d 86, 93 (1979); *Bilodeau v. Oliver Stores, Inc.*, 116 N.H. 83, 352 A.2d 741, 745 (1976); *Heckendorn v. Consolidated Rail Corp.*, 502 Pa. 101, 465 A.2d 609 (1983); *Varela v. American Petrofina Co.*, 658 S.W.2d 561 (Tex.1983); *Seattle First Nat. Bank v. Shoreline Concrete Co.*, 91 Wash.2d 230, 588 P.2d 1308, 1316 (1978).

While some states have reached a different result, many of the cases involve statutes expressly providing for the apportionment of nonparty fault, including immune employers. *See, e.g.*, *Dietz v. General Elec. Co.*, 169 Ariz. 505, 510, 821 P.2d 166, 171 (1991); *Williams v. White Mountain Const. Co.*, 749 P.2d 423, 429 (Colo.1988); *Espaniola v. Cawdrey Mars Joint Venture*, 68 Haw. 171, 707 P.2d 365 (1985); *Powers v. Kansas Power & Light Co.*, 234 Kan. 89, 671 P.2d 491, 498–99 (1983); *Bode v. Clark Equip. Co.*, 719 P.2d 824, 827 (Okla.1986); *Sullivan v. Scou-*

*lar Grain Co. of Utah*, 853 P.2d 877, 878 (Utah 1993).

**5. Comparative fault—Joinder of third party defendants.**—(a) In civil actions where comparative fault is or becomes an issue, if a defendant named in an original complaint initiating a suit filed within the applicable statute of limitations, or named in an amended complaint filed within the applicable statute of limitations, alleges in an answer or amended answer to the original or amended complaint that a person not a party to the suit caused or contributed to the injury or damage for which the plaintiff seeks recovery, and if the plaintiff's cause or causes of action against such person would be barred by any applicable statute of limitations but for the operation of this section, the plaintiff may, within ninety (90) days of the filing of the first answer or first amended answer alleging such person's fault, either:

(1) Amend the complaint to add such person as a defendant pursuant to Rule 15 of the Tennessee Rules of Civil Procedure and cause process to be issued for that person; or

(2) Institute a separate action against that person by filing a summons and complaint. If the plaintiff elects to proceed under this section by filing a separate action, the complaint so filed shall not be considered an "original complaint initiating the suit" or "an amended complaint" for purposes of this subsection.

**6.** *See Owens v. Truckstops*, 915 S.W.2d 420 (Tenn.1996).

has been granted. Tenn.Code Ann. § 29–11–102(a) (1980) provides:

> [N]o right of contribution shall exist where, by virtue of intrafamily immunity, immunity under the workers' compensation laws of the state of Tennessee, or like immunity, a claimant is barred from maintaining a tort action for injury or wrongful death against the party from whom contribution is sought.

Allowing a tortfeasor to assert fault against a party that is immune from suit, and thereby reduce the tortfeasor's fault and consequent liability, would not be consistent with this provision, which denies to tortfeasors the right to assert fault as the basis for liability where, by statute or common law, immunity from suit has been granted.

■■■■ The defendants' argument that the employer may be found to be a negligent tortfeasor along with some or all of the defendants even though no liability could be imposed upon it, fails to recognize some significant principles of law. Attribution of fault is the basis for imposing liability. At least two of the several conditions necessary for the imposition of liability, the duty of care and proximate cause,[7] are not found in the employer-employee relationship. The duty owed a worker by the employer is not measured by the standard of care applicable in actions based on negligence or strict liability.[8] In addition, the employer's acts cannot be the legal or proximate cause of the employee's injuries, *Jordan v. United Methodist Urban Ministries, Inc.,* 740 S.W.2d 411, 412 (Tenn.1987), because there is a well-defined public policy for not imposing tort liability on the employer. *Clanton v. Cain–Sloan Co.,* 677 S.W.2d 441, 443 (Tenn.1984). The Court explained the essentials of proximate cause in *Kilpatrick v. Bryant,* 868 S.W.2d 594 (Tenn.1993):

> "Causation (or cause in fact) is a very different concept from that of proximate cause. Causation refers to the cause and effect relationship between the tortious conduct and the injury. The doctrine of proximate cause encompasses the whole panoply of rules that may deny liability for otherwise actionable causes of harm." Thus, proximate cause, or legal cause, concerns a determination of whether legal liability should be imposed where cause in fact has been established.

*Id.* at 598 (quoting King, *Causation, Valuation, and Chance in Personal Injury Torts Involving Preexisting Injuries and Future Consequences,* 90 Yale L.J. 1353, 1355 n. 7 (1981)).

Limiting the parties to whom fault may be attributed to those subject to liability, accomplishes the policy objectives of fairness and efficiency. Since liability is several and is in direct proportion to legal fault, each defendant will be liable only for the percentage of the damages caused by it. Since fault is limited to the plaintiff and those against whom the plaintiff has a cause of action, the plaintiff is not denied the right to recover those damages to which it is entitled. However, the plaintiff will bear the loss for any liability that it fails or is unable to assert and any judgment that cannot be enforced.[9]

Rule 8.03, Tenn.R.Civ.P., insures that the rights and liabilities of the parties subject to suit be resolved in one action. Section 20–1–119 provides the procedure for joining additional defendants, but it does not address the effect of a defendant's failure to allege that a nonparty caused or contributed to the plaintiff's damages or the plaintiff's failure to make those persons defendants. However, Rule 8.03 requires that "comparative fault

---

7. *See Bradshaw v. Daniel,* 854 S.W.2d 865, 869 (Tenn.1993).

8. When the employment is not covered under the Workers' Compensation Act, Tenn.Code Ann. § 50–6–106, principles of tort liability apply. *See Perez v. McConkey,* 872 S.W.2d 897, 899, n. 1 (Tenn.1994).

9. For example, in *Volz v. Ledes,* 895 S.W.2d 677 (Tenn.1995), a medical malpractice case, the jury apportioned 10 percent of the liability to the plaintiff, 45 percent to a non-resident physician who was not a party to the suit, and 45 percent to the defendant. *Id.* at 677. This Court affirmed the judgment against the defendant for 45 percent of the total damages. Even though the plaintiff had a cause of action against the non-resident tortfeasor, that cause of action was not asserted and the proportion of the loss attributed to that defendant was borne by the plaintiff. *Id.* at 680.

(including the identity or description of any other alleged tortfeasors)" be pled as an affirmative defense. Failure of the defendant to identify other potential tortfeasors would preclude the attribution of fault against such persons and would result in the defendant being liable for all damages except those attributable to the fault of the plaintiff. Failure of the plaintiff to assert its cause of action against such persons who are to have caused or contributed to the injury or damage alleged by the defendant pursuant to Section 20–1–119, would not preclude the assessment of fault against such persons but would preclude the award of damages against such persons. The goals of efficiency and fairness are thus served by joining as defendants all persons against whom the plaintiff can assert a cause of action. *See* John Scott Hickman, Note, *Efficiency, Fairness, and Common Sense: The Case for One Action as to Percentage of Fault in Comparative Negligence Jurisdictions That Have Abolished or Modified Joint and Several Liability,* 48 Vand.L.Rev. 739 (1995).

### Conclusion

██ The result is that the plaintiff's right to recover on allegations of negligence and strict liability is determined without reference to the employer's conduct.

The judgment of the Court of Appeals is reversed, and the case is remanded to the trial court for further proceedings consistent with this opinion.

Costs are taxed to the defendants.

ANDERSON, C.J., and DROWOTA, BIRCH and WHITE, JJ., concur.