**Felton ALLEN and wife, Barbara Allen, Plaintiffs/Appellees.**

v.

**DELTA MATERIALS HANDLING, INC., Defendant/Appellant.**

Court of Appeals of Tennessee,
Western Section,
at Jackson.

Feb. 20, 1996.

Application for Permission to Appeal
Denied by Supreme Court
Sept. 3, 1996.

Stuart A. Wilson, Wilson, McRae, Ivy, Sevier, McTyier and Strain, Memphis, for Defendant/Appellant.

Marvin A. Bienvenu, Jr., Gatti, Keltner, Bienvenu & Montesi, Memphis, for Plaintiffs/Appellees.

FARMER, Judge.

The plaintiffs, Felton Allen and wife, Barbara Allen sued Delta Materials Handling, Inc. (Delta) for injuries sustained by Mr. Allen when he was struck by a forklift that had been leased from Delta to his employer, The Regina Company. The complaint alleges that Delta was negligent in leasing or renting the forklift to Allen's employer when Defendant knew or should have known that the brakes were defective.

The jury returned a verdict in favor of the plaintiffs and Delta appeals. The issue before us as framed by the appellant is:

> Whether a defendant in a negligence action can assert, as an affirmative defense, that the comparative negligence and/or fault of the plaintiff's employer or co-employee was the direct and/or a contributing cause of any alleged damages sustained by the plaintiff in an on-the-job accident, notwithstanding that the employer or co-employee may not be subject to suit or liability by virtue of the Tennessee Workers' Compensation Act.

Appellant argues that the trial court erred in failing to allow the jury to use the comparative fault verdict form submitted by Defendant and in failing to charge the jury

on comparative fault, thus allowing the jury the opportunity to consider the percentage of fault chargeable to Mr. Allen's employer or co-workers. Our supreme court has recently ruled on this question in the matter of *Ridings v. Ralph M. Parsons Co.*, 914 S.W.2d 79 (Tenn.1996). This was an action for personal injury sustained by Mr. Ridings when he was injured during the course and scope of his employment by CBI–Nacon, Inc. The complaint alleged an action in negligence, gross negligence and strict liability against the Ralph M. Parsons Company and other defendants. Our supreme court, speaking through Justice Reid, stated:

> The issue presented is whether the defendants in this suit for personal injuries based on allegations of negligence and strict liability in tort can assert as an affirmative defense that the plaintiff's employer caused or contributed to the plaintiff's injuries and damages, notwithstanding that the injuries alleged were sustained in the course and scope of the plaintiff's employment which was covered by the workers' compensation law of Tennessee.

> The plaintiff contends that allowing the jury to attribute fault to the plaintiff's employer, against whom the plaintiff cannot maintain an action for damages, violates the *McIntyre* [*v. Balentine*, 833 S.W.2d 52 (Tenn.1992)] principle that the "plaintiff's damages are to be reduced in proportion to the percentage of the total negligence attributable to the plaintiff." *McIntyre v. Balentine*, 833 S.W.2d at 57.

> The defendants counter that excluding the plaintiff's employer from those persons to whom fault may be attributed violates the *McIntyre* principle that defendants will be "liable only for the percentage of a plaintiff's damages occasioned by that defendant's negligence." *Id.* at 58.

> . . . .

> The decision in *McIntyre* obviously does not allow the employer to be held liable directly, as a defendant in the employee's suit for damages, or indirectly, as a joint tortfeasor liable for contribution or indemnity. However, the defendants insist that fault can be attributed to the employer, and the liability of the defendants can be decreased accordingly, without the imposition of liability upon the employer. This proposition is not consistent with the Tennessee doctrine of comparative fault.

> The principle of several liability among tortfeasors, announced in *McIntyre*, provides the policy basis for the decision in this case. In *McIntyre*, the Court set forth the framework for determining liability on the defendant side of the equation.

> Fourth, fairness and efficiency require that defendants called upon to answer allegations in negligence be permitted to allege, as an affirmative defense, that a nonparty caused or contributed to the injury or damage for which recovery is sought. In cases where such a defense is raised, the trial court shall instruct the jury to assign this nonparty the percentage of the total negligence for which he is responsible. However, in order for a plaintiff to recover a judgment against such additional person, the plaintiff must have made a timely amendment to his complaint and caused process to be served on such additional person. Thereafter, the additional party will be required to answer the amended complaint. The procedures shall be in accordance with the Tennessee Rules of Civil Procedure.

*McIntyre v. Balentine*, 833 S.W.2d at 58.

> The rationale of *McIntyre* postulates that fault may be attributed only to those persons against whom the plaintiff has a cause of action in tort. The designation "nonparty," used in *McIntyre*, is not a term of art; it means "not a party." However, it is given a particular meaning by the decision in *McIntyre*, wherein the Court found that, upon a defendant's allegation that a person not a party to the suit, a "nonparty," caused or contributed to the plaintiff's injuries, the plaintiff, by amendment to the complaint and service of process, may make the "nonparty" a "party" that is answerable to the plaintiff in actions for damages according to the Rules of Civil Procedure. Consequently, only a nonparty against whom the plaintiff has a cause of action can be made a party. Since the plaintiff's employer cannot be made a par-

ty to the plaintiff's tort action for personal injuries sustained in the course and scope of his employment, the rationale of *McIntyre*, both as to principle and procedure, will not permit fault to be attributed to the plaintiff's employer.

. . . .

Limiting the parties to whom fault may be attributed to those subject to liability, accomplishes the policy objectives of fairness and efficiency. Since liability is several and is in direct proportion to legal fault, each defendant will be liable only for the percentage of the damages caused by it. Since fault is limited to the plaintiff and those against whom the plaintiff has a cause of action, the plaintiff is not denied the right to recover those damages to which it is entitled. However, the plaintiff will bear the loss for any liability that it fails or is unable to assert and any judgment that cannot be enforced.

. . . .

The result is that the plaintiff's right to recover on allegations of negligence and strict liability is determined without reference to the employer's conduct.

*Ridings*, 914 S.W.2d at 80–84 (footnotes omitted). As a result of the decision in *Ridings*, we find Appellant's issue to be without merit.

Although not presented as an issue, Appellant argues that the trial court erred in not granting its motion for a mistrial on the basis that "during closing argument, counsel for the plaintiff told the jury that counsel for the defendant had asked the court to instruct the jury on the doctrine of intervening cause." The record reveals that Plaintiffs' attorney made the following statement during the course of closing argument to the jury:

At the defense counsel's request, the Court's [sic] agreed to instruct you on—

■ At that point the trial judge interrupted counsel, called the attorneys to the bench and admonished counsel not to state to the jury by whom requests were made. The court then excused the jury and a discourse took place between the court and the respective counsel. At this point, counsel for the defendant moved for a mistrial on the basis

that the interrupted statement of Plaintiffs' attorney was highly prejudicial to the defendant.

When the jury returned, Plaintiffs' attorney resumed his closing statement by stating "I think I forgot where I was so I'll just try to be real brief and finish." At this point he expressed to the jury his understanding of intervening cause.

■ As the trial court accurately expressed to counsel, the jury charge is the charge of the court and may or may not include special requests made by counsel for the respective parties. It is improper for an attorney to state to the jury at whose request a charge was given. However, since the trial court interrupted Plaintiffs' counsel before he had identified the defense counsel's request, we cannot say that his incomplete statement justified a mistrial and affirm the trial court's denial of the motion.

The judgment of the trial court is affirmed and this cause is remanded to the trial court. Costs of this appeal are taxed to the appellant for which execution may issue if necessary.

HIGHERS, J., and TOMLIN, Special Judge, concur.