**IN THE COURT OF APPEALS OF TENNESSEE**
**EASTERN SECTION AT KNOXVILLE**

**FILED**

**July 24, 1997**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | | |
|---|---|---|
| JANICE BARTLEY CASTEEL, | ) | |
| | ) | KNOX CIRCUIT |
| Plaintiff/Appellant | ) | |
| | ) | NO. 03A01-9703-CV-00073 |
| v. | ) | |
| | ) | |
| CLIFTON PHILLIP CASTEEL, | ) | HON. BILL SWANN |
| | ) | JUDGE |
| Defendant/Appellee | ) | |

William A. Mynatt, Jr. and Jason H. Long, Knoxville, for the Appellant

Douglas J. Toppenberg and J. Elaine Burke, Knoxville, for the Appellee

**O P I N I O N**

INMAN, Senior Judge

These parties were divorced on September 16, 1994. By agreement, they were awarded joint legal custody of three sons, who would reside principally with their mother, hereafter appellant.

The father, hereafter appellee, was awarded "co-parenting time" with the two younger sons[1] on alternating weeks from Wednesday at 6:00 p.m. until Sunday at 8:00 p.m. and four (4) full weeks during summer. Holiday times - Easter, Christmas, and Thanksgiving - were evenly divided.

Pursuant to the approved plan, appellant has custody 234 days, while appellee has custody 131 days.

After extended skirmishing, the appellee's support obligation for two children was determined to be $370.00 per month. Appellee's gross annual income was $36,696.00. The appellant earned about $43,000.00 annually.

---

[1]The oldest boy, then 17, resided as he chose. He is now of age, and we are concerned only with his two younger brothers.

The trial judge observed that current law "gives a choice between wide judicial discretion in the departure [from the Guidelines] and a possible second mathematical computation carrying a presumption of correctness." The decree provides:

"The Court finds that in the present case the primary custodian mother has 234 days with the children and the father has 131 days with the children. The Court further finds that the Child Support Guidelines are based upon the primary custodian having 285 days per year and the secondary parent having 80 days per year. The Court finds that in situations where the income level of the parents is essentially equal that the custodial parent is presumed to support the child from his or her income for 182.5 days per year and that the non-custodial parent provides support either through child support or in kind for the remaining 182.5 days per year. Thus in a standard visitation situation where the non-custodial parent has the child for 80 days per year the Child Support guidelines are presumed to provide support for the remaining 102.5 days per year that non-custodian should be supporting the child but during which time the child is not in his or her possession.

The Court finds that it is appropriate in situations of essentially equal incomes that child support be reduced by a ratio of the days per year assumed by the Guidelines and the number of days the non-custodial parent actually keeps the children.

The Court finds that for parents with equal income, and for parents in which the payor of child support earns less than the recipient, a mathematical computation should be imposed, carrying a presumption of correctness. To wit, a fraction should be created in which the numerator would be the non-custodial parent's actual co-parenting days minus 80 and the denominator would be the number 102.5. The fraction should be multiplied by the child support guidelines dollar amount and that the result of that calculation is the amount by which child support should be increased or decreased if the payor is exercising more than 80 days per year, or increased if less.

It is therefore ORDERED that by following the above formula in this matter, child support should be set at three hundred and seventy dollars per month ($370.00/mo.), with said amount to be paid beginning September 23, 1996."

The dispositive issue is whether the peculiar circumstances of this case justified a downward deviation from the Guidelines, in light of the instructions of *Jones v. Jones,* 930 S.W.2d 541 (Tenn. 1996).

Any deviation must be clearly articulated. TENN. COMP. R. & REG., CH. 1240-2-4.01(3) and 1240-2-4.02(7); *Jones, supra.* On the face of it, the monthly gross income of the appellee required that he, as the obligor, pay $740.00 monthly support for his two sons; does the fact that he has custody for 131 days each year justify the reduction to $370.00 monthly?

2

The parties concede that an allowance is factored into the Guidelines for the 80 days residency of the children with their father, and that if the children spend more time with the obligor than is assumed[2] his child support payments should be reduced. *Jones, supra.*

The formula fashioned by the trial judge "in situations of essentially equal incomes that child support be reduced by a ratio of the days per year assumed by the Guidelines and the number of days the non-custodial parent actually keeps the children" is assailed by the appellant for two reasons.

First, because "the visitation time granted to the appellant [sic: appellee] is of the type contemplated by the Guidelines and therefore does not provide a valid or common sense justification for any downward deviation"; second, the trial court applied an inappropriate formula in its computation.

The first reason assigned by the appellant is somewhat baffling and we will not further notice it.

With respect to the appropriateness of the formula devised by the trial court to assist him in the computation of a downward deviation both parties ceded was justified, our concern is not so much with the formulaic method fashioned by the Court as with its elements. Income of the custodial parent is generally not relevant, and the reduction extrapolates to 160 days visitation, rather than 131.

But if the elaborate formula so painstakingly fashioned results in an amount of support that the circumstances and best interests of the children require we see no reason to critique the mechanics employed, keeping in mind that TENN. COMP. R. & REGS. 1240-2-4.02(6) provides that:

> "In situations where overnight time is divided more equally between the parents, the courts will have to make a <u>case-by-case determination</u> as to the appropriate amount of support."

Thus it is that the fashioned formula cannot be applied mechanically, without more.

---

[2]Tenn. Comp. R. & Regs. Ch. 1240-2-4.02(6).

The Guidelines are required to be applied as a rebuttable presumption in all child support cases.  If the evidence is sufficient to rebut the presumption, the trial court must make a specific finding that the application of the Guidelines would be unjust or inappropriate.  Any such finding must state the amount required by the Guidelines, and must include a justification for deviation which takes into consideration the best interests of the children.  TENN. COMP. R. & REGS. 1240-2-4.02(7).

The appellee has 62.5 percent more visitation ["co-parenting," according to the decree] than the Guidelines presume.  For reasons not entirely made clear, the appellant argues that this percentage is insignificant, thus obviating a deviation.  We would be hard-pressed to agree with this argument since a variance of 62.5 percent is obviously not insignificant.  A threshold amount of visitation by the non-custodial parent required as a condition precedent to a downward deviation has not been established in Tennessee.  Other states have established an amount, from Alaska where visitation is 30 percent, to Maryland 35 percent, to Oregon 35 percent, to Virginia 110 days.[3]

The appellant argues that she has certain fixed expenses whether the children are with her or elsewhere.  This argument is also applicable to the appellee.  One of the major aims of the Guidelines is "to ensure that when parents live separately, the economic impact on the children is minimized."    TENN. COMP. R. & REGS. 1240-2-4.02(2)(e).  The appellee argues that if he is required to pay 32 percent of his net income as support for the children, as appellant insists, while having their custody 62.5 percent more often than is presumed by the Guidelines, the economic impact on the children will be substantial, and the appellant will merely have reaped an unwarranted windfall.

Our review is *de novo* on the record accompanied by a presumption that the judgment is correct unless the evidence otherwise preponderates.  RULE 13(d), T. R. A. P.; *Ridings v. Ralph M. Parsons Co.,* 914 S.W.2d 79 (Tenn. 1996).  This

---

[3]Alaska Civ. R. 90.3; Maryland Family Code 12-102; Oregon Ad. Reg. 137-50-450; Virginia Code Ann. 20-108.2.

presumption does not apply to questions of law, which are reviewed *de novo*. *Hillsboro Plaza Enter. v. Moon,* 860 S.W. 2d 45 (Tenn. Ct. App. 1993). As heretofore stated, the award of $370.00 monthly is a 50 percent downward deviation from the Guidelines, and if a formulaic method is justified, the deviation should not exceed $126.00.

We believe that it is necessary to:

(1) determine the annual amount of support under the Guidelines:

> *$740.00 per month X 12 months = $8,880.00, or $24.33 per day*

(2) determine what proportion of that annual amount is attributable to the increased visitation, any amount over 80 days per year being considered excess:

> *51 days excess @ $24.33 per day = $1,240.83 per year, or $103.40 per month*

(3) reduce the Guideline amount by the amount attributable to increased visitation:

> *$740.00 - $103.00 = $637.00*

Therefore, we find that in this case the amount of support due shall be reduced from $740.00 per month to $637.00 per month.

The judgment will be modified to award the appellant $637.00 per month child support effective September 23, 1996. Costs are assessed to the parties evenly, and the case is remanded.

_____
William H. Inman, Senior Judge

CONCUR:


_____
Herschel P. Franks, Judge


_____
Don T. McMurray, Judge

5