IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
ASSIGNED ON BRIEFS DECEMBER 5, 2000

## JERRY THOMAS RICKS v. TENNESSEE DEPARTMENT OF CORRECTION

**Direct Appeal from the Chancery Court for Davidson County**
**No. 95-3489-III; The Honorable Ellen Hobbs Lyle, Chancellor**

———————————

**No. M1999-01916-COA-R3-CV - Filed March 20, 2001**

———————————

This case arises from the commutation of the Appellant's prison sentence from eighty-five years imprisonment to forty years. The Appellant's commutation was revoked after he was arrested on misdemeanor charges. The revocation occurred following the expiration of the term of the commuted sentence but within the term of the original sentence. The Appellant filed a petition for declaratory judgment with the Chancery Court of Davidson County, claiming that the Appellee failed to correctly calculate his sentence expiration date. The trial court dismissed the Appellee's petition.

The Appellant appeals from the dismissal of his petition for declaratory judgment by the Chancery Court of Davidson County. For the reasons stated herein, we affirm the trial court's decision.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY KIRBY LILLARD, J., joined.

John W. Heacock, for Appellant

Paul G. Summers, Attorney General & Reporter, Michael E. Moore, Solicitor General, Kimberly J. Dean, Deputy Attorney General, for Appellee

### OPINION

#### I. Facts and Procedural History

On January 9, 1967, the Appellant, Jerry Thomas Ricks ("Mr. Ricks"), was sentenced to eighty-five years imprisonment for first degree murder and two counts of robbery with a deadly

weapon. Mr. Ricks' presumed sentence expiration date was set for January 25, 2009. In 1982, Governor Lamar Alexander commuted Mr. Ricks' sentence to forty years. The commutation was conditional upon Mr. Ricks being "under parole and/or commutation supervision by the Board of Paroles until the expiration of his original sentence." Mr. Ricks was released under the commutation on March 1, 1983.

On February 5, 1992, Mr. Ricks was arrested for the commission of several misdemeanor offenses. These charges were dismissed on February 28, 1992. The Board of Paroles revoked Mr. Ricks' parole and recommended that Governor Ned McWherter revoke the commutation of Mr. Ricks' sentence, recommit Mr. Ricks, and reinstate the original eighty-five year sentence. Mr. Ricks' commutation was revoked on April 8, 1992, and he was reincarcerated. Mr. Ricks filed a request for habeas corpus relief which was dismissed by the trial court and affirmed on appeal.

On November 3, 1995, Mr. Ricks filed a petition for declaratory judgment against the Appellee, Tennessee Department of Correction ("TDOC"), claiming that TDOC failed to correctly calculate his sentence expiration date. TDOC filed a motion to dismiss for failure to state a claim upon which relief can be granted. The motion to dismiss was supported by an affidavit of the manager of TDOC Information Services. The Chancery Court of Davidson County dismissed Mr. Ricks' petition. Mr. Ricks appealed, and this Court reversed and remanded, holding that the affidavit filed by TDOC was conclusory and insufficient to demonstrate that Mr. Ricks' sentence was correctly calculated.

Mr. Ricks was released on parole in the summer of 1997. On February 13, 1998, TDOC filed a motion for summary judgment supported by the parties' stipulation of facts. The parties stipulated that a forty year sentence beginning in 1967 would expire after approximately twenty-one years, or in 1988. On May 11, 1998, the trial court entered an order finding that (1) Mr. Ricks was not entitled to receive sentence credit under both sections 41-334 and 41-21-212 of the Tennessee Code;[1] and (2) there were genuine issues of material fact as to whether Mr. Ricks' sentence expired prior to 1992 when his parole was revoked.

Trial was held on May 28, 1998. The trial court entered an order on August 4, 1998, granting Mr. Ricks' petition for declaratory judgment on the ground that Mr. Ricks' sentence had already expired at the time of the revocation. TDOC filed a motion to alter or amend judgment on August 13, 1998. On October 28, 1998, the trial court granted TDOC's motion and dismissed Mr. Rick's petition with prejudice on the ground that the Governor revoked Mr. Ricks' commutation and reinstated the eighty-five year sentence originally imposed. Mr. Ricks filed a motion to alter or amend judgment on November 30, 1998. The trial court denied Mr. Ricks' motion. This appeal followed.

_____

[1]This issue is not before this Court on appeal.

## II.  Standard of Review

The standard of review for a non-jury case is *de novo* upon the record.  See Wright v. City of Knoxville, 898 S.W.2d 177, 181 (Tenn. 1995).  There is a presumption of correctness as to the trial court's factual findings, unless the preponderance of the evidence is otherwise.  See TENN. R. APP. P. RULE 13(d).  For issues of law, the standard of review is *de novo*, with no presumption of correctness.  See Ridings v. Ralph M. Parsons Co., 914 S.W.2d 79, 80 (Tenn. 1996).

## III.  Law and Analysis

The sole issue presented for our review is whether the Governor has the power to revoke a conditional commutation within the term of the commuted sentence only, or whether the commutation may be revoked within the term of the original sentence.  This case is controlled by the recent statement of our supreme court in LeMay v. State of Tennessee, Department of Correction, 29 S.W.3d 483 (Tenn. 2000).  In LeMay, James A. LeMay ("Mr. LeMay") was convicted of first degree murder and received a ninety-nine year prison sentence in 1969.  See id. at 484.  The Governor commuted Mr. LeMay's ninety-nine year prison sentence to thirty years.  See id.  While on work release, Mr. LeMay transferred $20,000.00 from the state treasury to his personal bank account.  See id.  In May, 1979, Mr. LeMay escaped from custody while on work release.  See id. Mr. LeMay was returned to custody and sentenced to five concurrent three year sentences for obtaining property under false pretenses and to a one year sentence for escape.  See id.  Mr. LeMay's thirty year commuted sentence and the consecutive three year sentence expired on January 16, 1986. See id. at 485.  The Governor revoked the commutation on December 15, 1997.  See id.  The original sentence of ninety-nine years would not expire until May 22, 2014.  See id.  Accordingly, the supreme court was presented with the precise question before this Court: whether the Governor may revoke a conditional commutation within the term of the original sentence but subsequent to the expiration of the commuted sentence.  The supreme court concluded that "the Governor has the authority to revoke a conditional commutation during the term of the original sentence. We therefore hold that the Governor's revocation of the prisoner's commutation after the expiration of the commutated sentence but before the expiration of the original sentence was valid."  Id. at 484.

In the case at bar, Mr. Ricks' forty year commuted sentence expired in 1988.  Governor McWherter's revocation of commutation was issued on April 8, 1992.  The term of the original eighty-five year sentence would not expire until January 25, 2009.  Thus, the Governor's revocation occurred following the expiration of the commuted sentence but within the term of the original sentence.  Under the supreme court's holding in LeMay, we find that the Governor had the power to revoke Mr. Ricks' commutation following the expiration of the commuted sentence but within the term of the original sentence.  Accordingly, the trial court properly dismissed Mr. Ricks' petition for declaratory judgment.

## IV. Conclusion

For the foregoing reasons, the decision of the trial court is affirmed. Costs of this appeal are taxed against the Appellant, Jerry Thomas Ricks, for which execution may issue if necessary.

_____

ALAN E. HIGHERS, JUDGE