IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
ASSIGNED ON BRIEFS JANUARY 31,2001

IN RE: THE MATTER OF LEOLA DEDMAN, DECEASED
PATRICIA HENDERSON JOHNSON AND CATHERINE HENDERSON
ZELINSKI, CO-EXECUTORS OF THE ESTATE OF GEORGE
HENDERSON V. MARY MURPHY

Direct Appeal from the Probate Court for Shelby County
No. B-27817; The Honorable Robert Benham, Judge

No. W2000-00086-COA-R3-CV - Filed May 25, 2001

This appeal arises from an order of the Probate Court of Shelby County surcharging George Henderson, executor and trustee of the estate of Leola Dedman, in the amount of $11,018.29. This Court granted Mr. Henderson's T.R.A.P. Rule 10 Application for Extraordinary Appeal as to the surcharge. For the reasons stated herein, we affirm the trial court's decision.

Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Probate Court Affirmed

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY KIRBY LILLARD, J., joined.

Erich w. Merrill, Memphis, for Appellants

Kathleen N. Gomes, Memphis, for Appellee

OPINION

I. Facts and Procedural History

On July 29, 1996, the Probate Court of Shelby County probated the will of Leola Dedman ("Ms. Dedman") and appointed George Henderson ("Mr. Henderson"), a Certified Public Accountant, as executor of her estate. Under the provisions of Ms. Dedman's will, a trust was established for the benefit of the Appellee, Mary Murphy ("Ms. Murphy"). Ms. Dedman's will named Mr. Henderson as trustee of the trust.

On April 17, 1997, Mr. Henderson closed the estate of Ms. Dedman on a receipt and waiver. On June 18, 1997, Ms. Murphy filed a petition to set aside order closing estate, to re-open estate, and

for removal of trustee and executor. Following a hearing on October 27, 1997, the trial court appointed a co-trustee, Beth Bradley ("Ms. Bradley"), to oversee the preparation of an accounting by Mr. Henderson. Ms. Dedman's will directed that, as executor, Mr. Henderson was entitled to a reasonable fee, and, as trustee, Mr. Henderson was entitled to a fee equal to six percent per annum of the gross income of the trust. Mr. Henderson paid himself a fee of $11,218.29 and paid the attorney representing the estate, Harry Scruggs ("Mr. Scruggs") a fee of $2,600.00.

On July 14, 1998, Ms. Murphy filed a petition for removal of trustee. On October 7, 1998, the trial court entered an order removing Mr. Henderson as trustee and surcharging Mr. Henderson in the total amount of $11,018.29 for overpayment to himself and Mr. Scruggs. The trial court directed that Mr. Henderson "be surcharged $11,218.29 less $1,400, for a total of $9,818.29 for fees charged and paid to him, and that he should be surcharged $2,600 less $1,400 for a total of $1,200 for excessive fees paid to Mr. Scruggs. The total surcharge after the $2,800 in credits at this point being $11,018.29." The trial court also awarded Mr. Henderson a trustee's fee of $661.14 for services rendered during 1997, which represents six percent of $11,019.03, the total income of the trust during that period, and directed that Mr. Henderson should be entitled to be paid six percent of the income produced by the trust in subsequent years.

This Court granted Mr. Henderson's T.R.A.P. Rule 10 Application for Extraordinary Appeal as to the surcharge. Mr. Henderson died on March 16, 2000, and the co-executors of his estate, Patricia Henderson Johnson ("Ms. Johnson") and Catherine Henderson Zelinski ("Ms. Zelinski"), have been substituted as Appellants in this cause by order entered on October 5, 2000.

## II. Standard of Review

The standard of review for a non-jury case is *de novo* upon the record. See Wright v. City of Knoxville, 898 S.W.2d 177, 181 (Tenn. 1995). There is a presumption of correctness as to the trial court's factual findings, unless the preponderance of the evidence is otherwise. See TENN. R. APP. P. RULE 13(d). For issues of law, the standard of review is *de novo*, with no presumption of correctness. See Ridings v. Ralph M. Parsons Co., 914 S.W.2d 79, 80 (Tenn. 1996).

## III. Law and Analysis

The sole issue presented for our review is whether Mr. Henderson rendered extraordinary services for the estate of Ms. Dedman such that he was entitled to compensation for these services in addition to the executor and trustee's standard compensation. Ms. Johnson and Ms. Zelinski argue that Mr. Henderson was entitled to reasonable compensation for extraordinary services that he rendered for the trust in addition to the six percent fee provided for in the will for routine trust services. Mr. Henderson testified that he sold real estate owned by Ms. Dedman for which, prior to her death, she had signed a contract to sell. Mr. Henderson stated that he made and supervised numerous repairs to the property before the sale closed. Ms. Johnson and Ms. Zelinski claim that

the award of fees to Mr. Henderson does not compensate him for the time and expenses he spent in making and supervising the repairs.

The rate of compensation to executors and administrators is not fixed by statute in Tennessee but rests within the trial court's sound discretion in view of all the circumstances. See Estate of Griffith v. Griffith, 452 S.W.2d 895, 902 (Tenn. Ct. App. 1969). Executors and administrators are entitled to reasonable compensation for services which are necessary to a proper administration of the estate but are not entitled to compensation for services which are not connected with or essential to such administration. See 34 C.J.S. *Executors and Administrators* § 819 (1998).

> [T]he real question is one of fair compensation for the time the representative was employed, the expenses he necessarily incurred, the services he rendered, the benefits he conferred, the responsibility he encountered, and the diligence, faithfulness, promptness, and capacity he displayed, in the performance of his duties: in a word, he is entitled to what he reasonably deserves under all the circumstances of the particular case.

JACK W. ROBINSON, SR. & JEFF MOBLEY, PRITCHARD ON WILLS AND ADMINISTRATION OF ESTATES 2 § 861 (5th ed. 1994).

The rate of compensation to trustees is controlled by section 35-1-112 of the Tennessee Code, which states:

> Unless otherwise directed by the governing instrument or by agreement between the trustee and the beneficiaries, a trustee shall be entitled to reasonable compensation, including a minimum fee, for the trustee's services in managing and investing the trust property held under a will, personal or corporate trust agreement, trust indenture or court order, taking into account the size of the trust, the nature and number of the assets, the income produced, the time and responsibility required, the expertise required, any management or sale of real estate and closely held business interests, any involvement in litigation to protect the trust property, and other relevant factors.

TENN. CODE ANN. § 35-1-112 (1996).

Thus, a trustee is entitled to reasonable compensation unless the trust or an agreement between the trustee and the beneficiaries directs otherwise.

In the case at bar, the trial court found that Mr. Henderson was entitled to $1,400.00 as reasonable compensation for his services as executor. The trial court stated that when Mr.

Henderson undertook the responsibility of trustee he agreed to the fees as set forth under the terms of the trust, which was six percent of the income of the trust. Thus, the trial court found that Mr. Henderson was entitled to $661.14 for his services as trustee during 1997, which constituted six percent of the total income of the trust during that period. The trial court also found that Mr. Henderson was entitled to six percent of the income produced by the trust in subsequent years. The trial court surcharged Mr. Henderson in the amount of $11,018.29 as a result of paying himself and Mr. Scruggs excessive fees. In ordering this award and surcharge, the trial court stated that it considered the various petitions filed in this matter, the preparation of an inventory and accounting for the estate, the preparation of an accounting for the trust, the affidavit of Mr. Henderson, the testimony of Mr. Henderson, statements of counsel and Ms. Bradley, and the entire record. Our review of the record convinces us that the award of fees and surcharge to Mr. Henderson were reasonable under the circumstances of this particular case. We do not find that Mr. Henderson was entitled to extra compensation beyond that awarded by the trial court for services rendered. Accordingly, we find no abuse of the trial court's discretion in making the award and surcharge.

## IV. Conclusion

For the foregoing reasons, the decision of the trial court is affirmed. Costs of this appeal are taxed against the Appellants, Patricia Henderson Johnson and Catherine Henderson Zelinski, co-executors of the estate of George Henderson, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE