IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
ON BRIEFS OCTOBER 30, 2001

**ELIZABETH ELLEN (SORRELL) RAMSEY**
**v.**
**LARRY AUBREY HENSON**

**An Appeal from the Juvenile Court for Shelby County**
**No. H331     Harold W. Horne, Judge**

_____

**No. W2000-02162-COA-R3-JV - Filed July 23, 2002**

_____

This is an appeal from a juvenile court proceeding regarding child support and visitation. The minor child was born in 1996; the mother and father never married each other. Mother filed a petition to establish paternity, and a blood test established the father's paternity of the child. On June 20, 1996, a consent order was entered providing that the mother would have full custody of the minor child, and that the parties would work out a child support agreement between themselves, as well as a visitation schedule. The consent order stated that if either party moved more than 90 miles from the permanent residence of the other party, both parties would share equally in transportation costs. After much litigation, including two prior appeals, the trial court entered an order which included inter alia the denial of several motions by the defendant father, an increase in the father's child support obligation, an awarding of attorney's fees to the plaintiff mother, and the setting aside of any future visitation by the father with the minor child until the father obtains substantial psychological counseling and demonstrates that the resumption of visitation is in the child's best interest. The father again appeals. We affirm, finding ample support for the order of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court is Affirmed**

HOLLY KIRBY LILLARD, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., and ALAN E. HIGHERS, J., joined.

Larry Aubrey Henson, appellant, pro se.
Susan A. Shubert, for the appellee Elizabeth Ellen (Sorrell) Ramsey.

**OPINION**

This is the latest salvo in the fusillade of litigation in this action in Memphis, Tennessee. The petitioner mother Elizabeth Ellen (Sorrell) Ramsey ("Mother") and the respondent father, Larry Aubrey Henson ("Father"), are the parents of the minor child, Alexander Henson, born March 11,

1996. Mother and Father never married each other. Mother filed a petition to establish Father's paternity and obtain child support. Father contested the paternity petition. A blood test indicated that Father was Alexander's biological father. Subsequently, on June 26, 1996, a consent order was entered which established Father's paternity, provided that Mother would have full custody of the minor child, and stated that the parties would work out a child support agreement and a visitation schedule between themselves. The June 1996 order also provided that if either party moved more than 90 miles from the permanent residence of the other party, both parties would share equally in transportation costs. The ensuing relationship between the parties was contentious at best; there is a long history of litigation. *See Sorrell v. Henson,* No. 02A01-9609-JV-00212, 1998 Tenn. App. LEXIS 852, (Tenn. Ct. App. Dec. 18, 1998), and *Henson v. Sorrell,* No. 02A01-9711-CV-00291, 1999 Tenn. App. LEXIS 12, (Tenn. Ct. App. Jan. 8, 1999).

Initially, both parties resided in the Memphis area. Mother married, changing her name from Elizabeth Sorrell to Elizabeth Ramsey. On July 16, 1999, Mother moved to Monticello, Kentucky, because Mother's husband found employment there. The move occurred despite Father's attempts to prevent Mother from moving with Alexander. After the move, Mother and Father agreed to meet in Dickson, Tennessee, to facilitate the exchange of Alexander.[1] There were numerous difficulties in these exchanges, and the problems in the exchanges prompted numerous contempt petitions by Father against Mother. During this time frame, Father filed a number of motions with the juvenile court including:

July 21, 1999: Petition for restraining order.

July 21, 1999: Petition to prevent Ms. Sorrell from moving.

September 27, 1999: Two contempt petitions.

November 24, 1999: Two contempt petitions.[2]

April 27, 2000: Two contempt petitions.

May 23, 2000: Two contempt petitions.

---

[1]Dickson, Tennessee is roughly halfway between Mr. Henson's home in Memphis, Tennessee, and Ms. Sorrell's new home in Monticello, Kentucky, slightly closer to Memphis.

[2] One of these contempt petitions filed by Mr. Henson led to the arrest of Ms. Sorrell, purportedly for domestic violence, during an attempted exchange of Alexander. Alexander witnessed the arrest of his mother. Ms. Sorrell (actually Mrs. Ramsey, although the court officially recognizes her as Ms. Sorrell for these proceedings) was pregnant at the time.

On August 9, 2000, the juvenile court entered an order denying all of Father's motions. In addition to denying Father's motion, the August 9 order included the following findings of fact:

1. That the plaintiff, Elizabeth Ellen Sorrell and the defendant, Larry Aubrey Henson, are the parents of Alexander Henson, born March 11, 1996. The parties never married each other. The petition to establish paternity was filed January 23, 1996 before the birth of the child. Ms. Sorrell subsequently married her present husband, Mr. Ramsey.

2. A consent order of paternity was entered June 7, 1996 stating in part: "should either party move his or her permanent residence more than ninety miles from the permanent residence of the other party, the parties shall share evenly the costs and expenses involved in the exercise of visitation."

3. Since the date of the consent order the defendant has filed numerous causes of action, motions and petitions which have required many hearings before this court and other courts. All the defendant's actions, appeals, motions and petitions, other than those pending now, have been dismissed. For example, he filed a petition to modify order December 9, 1997 which was dismissed December 18, 1997. He then filed another petition to modify December 19, 1997; both petitions requesting sole custody of the child.

4. That the Court recalls previous testimony of the defendant when he stated that he had no love for his child but that if he was to pay support he wanted the Court to enforce his "right" to visitation and that he knew his rights because he belonged to a father's rights organization which taught men how to use the courts.

5. That on September 9, 1999 the court ordered that Ms. Sorrell could move from the jurisdiction of the court so long as she did not interrupt the defendant's visitation. The parties' order of June 7, 1996 required them to share evenly the costs and expenses of visitation. From the testimony the court finds that Ms. Sorrell drove over half the way to meet for visitation exchange, and at times drove the entire distance, requesting no reimbursement from Mr. Sorrell [sic]. Further, that the defendant lost no opportunity to visit with their child by her fault.

6. That Ms. Sorrell's move to Kentucky was due to her husband's employment and was reasonable.

7. That to avoid conflict Ms. Sorrell attempted to have other members of her family deliver the child to the defendant for visitation, but he insisted, verbally and in writing, that she must be present at the time of the pick up and return so he can see her.

8. That during the last period of visitation the defendant had Ms. Sorrell arrested for domestic violence. He brought the child to the scene of the arrest to see his mother handcuffed by the police and taken off from a McDonalds where they had agreed to meet at the end of scheduled visitation. As part of this arrest, he requested and obtained an injunction prohibiting the mother from coming about his person. He then cites her for contempt for failure to meed [sic] him for the next visitation despite his insistence that she must deliver the child to him in person.

9. That he also complains that the plaintiff will not return his phone calls and ignores his e-mail messages despite the existence of the injunction he requested to prohibit such contact.

10. That he refuses to acknowledge the fact that the plaintiff has married someone other than him. In his communication with the plaintiff, he insists in using her maiden name. He has requested in the past that her husband not be allowed to exercise any parental rights without his permission.

11. That the defendant is employed at Federal Express Corporation and presently earns $4,018.60 per month. That his present order to pay child support is $552.30 per month and that based on his present income, he should be paying $657.30 per month, fees included.

From these findings of fact, the trial court concluded:

1. That the defendant, Larry Aubrey Henson, is using the Courts (The Juvenile Court of Memphis and Shelby County, Tennessee, the Circuit Court of Shelby County Tennessee, the General Sessions Court of Shelby County Tennessee, The Court of Appeals of Tennessee, and that [sic] Supreme Court of Tennessee) to harass and otherwise abuse the plaintiff, and or as a means of exercising control over the plaintiff.

2. That the defendant's pursuit through otherwise legal process of visitation, discovery, mental examinations, custody and numerous appeals is a fiction used by him to inflict his abuse and to exercise his control over the plaintiff.

3. That the Court can not find it to be in the best interest of the parties' child that any further contact exist between the child and the father; and in light of the defendant's conduct since 1996, the Court has to be concerned for the welfare and safety of the child when in the defendant's control.

4. That in this last hearing the Court finds that the plaintiff has gone out of her way to obey the visitation as ordered and that her move to Kentucky was reasonable and not in any way intended to deny the defendant access to their child.

4

5. That there is no merit to any of the motion [sic] or petitions filed by Mr. Henson.

6. That he should be prohibited from further contact with petitioner by phone, e-mail or in person.

7. That the request for attorney fees filed by the plaintiff is very reasonable.

The trial court, in addition to denying Father's pending motions, then ordered the following:

7. That the order of January 28, 1998 be modified to increase child support payments monthly from $552.30 monthly to $657.30 monthly, fees included, by income assignment, effective September 1, 2000.

8. That the plaintiff be awarded reasonable attorney fees of $10,975.00 for the services of counsel in connection with these proceedings to date.

9. That the plaintiff, Mrs. Elizabeth Ellen (Sorrell) Ramsey, be allowed to move from the jurisdiction of Shelby County, Tennessee.

10. That any other motions or petitions previously filed and inadvertently overlooked be dismissed.

11. That all previously ordered visitation between Larry Aubrey Henson and the parties [sic] child be set aside and Mr. Henson is prohibited from any contact with the plaintiff, including telephone and e-mail contact.

12. That before the court will consider future visitation the defendant must complete anger management and parenting classes and seek and complete intensive psychological counseling for his abusive and controlling personality and be able to show that such visitation would be in the best interests of the parties [sic] child.

On appeal, Father argues that the trial court violated his constitutional rights, erred in declining to deduct his travel costs from his child support obligation, erred in terminating or suspending his visitation rights, erred in ordering him to pay a portion of Mother's attorney's fees, and that the trial court discriminated against him. These issues will be addressed in turn.

Because this case was tried by the trial court sitting without a jury, we review the case de novo upon the record with a presumption of correctness of the findings of fact by the trial court. *See* Tenn. R. App. P. 13(d). We review the trial court's conclusions of legal questions de novo, affording no presumption of correctness to the trial court's legal conclusions. *See Cambell v. Florida Steel Corp.*, 919 S.W.2d 26, 35 (Tenn. 1996); *Ridings v. Ralph M. Parsons Co.*, 914 S.W.2d 79, 80 (Tenn. 1996).

5

Father argues on appeal that the trial court violated his constitutional rights. He cites no place in the record in which this issue was raised to the trial court. *See* Rule 27(a)(6) and (7), Tennessee Rules of Appellate Procedure. Only issues raised at the trial court may be raised on appeal. ***See Barnhill v. Barnhill***, 826 S.W.2d 443, 458 (Tenn. Ct. App. 1991); ***State Dep't of Human Servs. v. Defriece***, 937 S.W.2d 954, 960 (Tenn. Ct. App. 1996) ("It is well-settled that issues not raised at trial may not be raised for the first time on appeal."). This issue is therefore waived on appeal.

Father asserts that the trial court failed to deduct his travel costs from the amount of his child support obligation. Tennessee Code Annotated § 36-6-108(b) (2001) provides in pertinent part:

> The court shall assess the costs of transporting the child for visitation and determine whether a deviation from the child support guidelines should be considered in light of all factors including, but not limited to, additional costs incurred for transporting the child for visitation.

The trial court concluded that Mother had gone out of her way to obey visitation as ordered, and that her move to Kentucky was reasonable. Mother's move to Kentucky resulted in additional transportation costs for visitation for both parties. While additional costs for transportation for visitation are a factor for consideration to deviate from the child support guidelines, the trial court is not required to deviate downward in light of such costs. In this case, the trial court found that Mother's move to Kentucky was for a legitimate reason and not intended to deny Father access to their child. Considering the record as a whole, we cannot conclude that the trial court erred in setting the child support obligation.

Father claims further that the trial court erred in setting aside his visitation with his son. The trial court essentially suspended Father's visitation with Alexander until Father obtains the psychological counseling described in its order and demonstrates that visitation is in Alexander's best interest. After reviewing the record in this cause, we cannot conclude that the trial court erred in finding that the best interests of this child would be served by such a suspension of visitation until Father obtains counseling, successfully addresses the psychological issues noted by the trial court, and demonstrates that the resumption of visitation is in Alexander's best interest.

Father contends that the trial court erred in awarding Mother $10,975.00 in legal fees. He asserts that some of those attorney's fees were generated for matters unrelated to this appeal. Mother's Petition for Fees and Expenses indicates that the total amount of the attorney's fees and expenses were for matters in the trial court related to this case from 1996 to 2000. Given the volume of litigation generated by Father's actions in this case, we cannot conclude that the trial court erred in assessing this amount of attorney's fees.

6

Finally, Father makes the conclusory allegation that the trial judge, Harold Horne, discriminated against him. Father asserts throughout his appellate brief that he was not treated fairly because he is a man. However, the record in this case includes ample evidence supporting the actions of the trial court in this cause. This argument is without merit.

The decision of the trial court is affirmed. Costs are to be taxed to the appellant, Larry Aubrey Henson, and his surety, for which execution may issue, if necessary.

_____
HOLLY KIRBY LILLARD, JUDGE