DROWATA, Justice,
concurring and dissenting.
I agree with the majority that on the record before us reasonable minds could conclude that the decedent’s intentional act of committing suicide was a foreseeable consequence of the defendant’s negligence in surreptitiously prescribing and administering Antabuse to the decedent. Thus, it would be inappropriate for this Court to find that the decedent’s intentional act of committing suicide was a superseding, intervening cause sufficient to preclude liability as a matter of law. It was, after all, the defendant’s negligence that arguably set in motion the chain of events that led the decedent to take his own life in view of his condition.
I disagree, however, with the majority’s conclusion that the decedent’s intentional act of committing suicide may not be considered in determining relative degrees of fault. The majority’s holding that the negligence of the defendant may not be compared with the intentional conduct of the decedent in taking his own life in assessing fault is inconsistent with the fundamental principle of comparative fault of linking liability with fault. Therefore, I respectfully dissent from the majority’s decision.
In McIntyre v. Balentine, 833 S.W.2d 52 (Tenn.1992), this Court adopted a system of comparative fault because it “closely link[ed] liability and fault.” Id. at 58. We felt that linking liability with fault best achieved the concepts of fairness and efficiency, the basis of comparative fault. See Owens v. Truckstops of America, 915 S.W.2d 420, 424 (Tenn. 1996). Thus, we have rejected the notion that liability should be imposed to a degree disproportionate to fault. McIntyre, 833 S.W.2d at 58. This theme has been reiterated by the Court on multiple occasions and in a variety of circumstances. See, e.g., Whitehead v. Toyota Motor Corp., 897 S.W.2d 684, 693 (Tenn.1995) (“In keeping with the principle of linking liability with fault, a plaintiff’s ability to recover in a strict products liability case should not be unaffected by the extent to which his injuries result from his own fault.”); Volz v. Ledes, 895 S.W.2d 677, 680 (Tenn.1995) (“We believe that a system wherein a particular defendant is liable only for the percentage of the plaintiffs damages that are caused by that defendant’s fault is the system that best achieves our stated goal in McIntyre v. Balentine of linking liability and fault.”). See also Owens, 915 S.W.2d at 428 (“[Hjaving thus adopted a rule more closely linking liability and fault, it would be inconsistent to simultaneously retain a rule, joint and several liability, which may fortuitously impose a degree of liability that is out of all proportion to fault.”). In short, it is clear that since the inception of comparative fault in this State, the guiding principle has been to link liability with fault, unless special circumstances compelled us to take a different approach. See, e.g., Snyder v. LTG Lufttechnische GmbH, 955 S.W.2d 252 (Tenn.1997)(holding that fault may not be assessed against an immune employer in an employee’s tort action against a third party).
In this case, the majority relies upon Turner v. Jordan, 957 S.W.2d 815 (Tenn.1997), in holding that the negligence of the defendant may not be compared with the intentional conduct of the decedent in taking his own life in determining relative degrees of fault.[4] Turner involved a psychiatric patient who attacked and severely beat the plaintiff, a nurse who worked at the hospital where the *533 patient was being treated. The patient’s psychiatrist knew that he was “aggressive, grandiose, intimidating, combative, and dangerous” prior to the attack on the nurse. Id. at 817. Nonetheless, the psychiatrist did nothing to keep the patient from posing a threat to others in the facility, such as medicating, restraining, or secluding him. The nurse subsequently sued the psychiatrist for medical malpractice, alleging that he had violated his duty to use reasonable care in the treatment of his patient which, in turn, created a foreseeable and unreasonable risk of harm to her.
The trial court in Turner instructed the jury on the law of comparative fault and indicated that the jury could allocate the fault, if any, between the negligence of the psychiatrist and the intentional misconduct of the patient, who was not a party to the suit. This Court subsequently granted review in Turner to decide “whether the defendant psychiatrist’s negligence should have been compared with the intentional act of the non-party patient in determining the extent of the defendant’s liability to the plaintiffs.” Id. at 821. We held that the conduct of the negligent tortfeasor, the psychiatrist, could not be compared with the intentional misconduct of the patient, a non-party, in apportioning fault because the intentional wrongdoing was a foreseeable risk created by the negligent tortfeasor. Id. at 823.
Turner and the instant ease are dissimilar in that Turner, unlike the present case, involved comparing the negligent act of a party with the intentional misconduct of a non-party. The ease at bar, on the other hand, involves comparing fault between a negligent party and, for all practical purposes, another party — the decedent — who acted intentionally by taking his own life.[5] Although I reluctantly agreed with the Court’s resolution of Turner, I cannot do so in the present case because the majority has now reached a point in the development of our comparative fault law where fault may not even be assessed against a party to the litigation. The majority’s approach represents too great a departure from the guiding principle of linking liability with fault for me to accept.
Accordingly, in keeping with the goal of comparative fault of linking liability with fault by holding a particular defendant liable only for the percentage of the plaintifPs damages caused by that defendant’s fault, I would limit the rule in Turner to the intentional misconduct of nonparties. Because the majority is unwilling to do this, and because I am of the opinion that the trier of fact should have the opportunity to assess fault against the decedent to the extent that he shares some of the fault in bringing about the damages for which he (his estate) now seeks to recover, I dissent from the majority’s decision.

. Of course, the practical impact of the majority’s holding is to preclude the defendant from reducing his liability to the plaintiff by pointing the finger of fault, however slightly, at the decedent.

. In an action for wrongful death, the right that survives to the surviving spouse, the widow in the instant case, is the same cause of action the decedent would have had had he survived. See Tenn.Code Ann. § 20-5-106 ("The right of action which a person, who dies from injuries received from another ... would have had against the wrongdoer, in case death had not ensued, shall not abate or be extinguished by the person’s death but shall pass to the person’s surviving spouse_”); see also Weathers v. Pilkinton, 754 S.W.2d 75, 78 (Tenn.App.1988).