IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON

_____

JAMES CARROLL and FORESTINE
CARROLL, for the use and benefit of
the Estate of JESSIECA RENEE
CARROLL, a minor, deceased, and
JAMES CARROLL and FORESTINE
CARROLL, Individually,

     Plaintiffs-Appellants,

Vs.

CAROLYN WHITNEY, M.D.,
GROVER W. BARNES, M.D., P.C.,
and LEBONHEUR CHILDREN'S
MEDICAL CENTER, INC., acting
by and through its Agents, Servants,
Employees and Others,

     Defendants-Appellees.

FILED

September 22, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

Shelby Law No. 68714-2
C.A. No. 02A01-9707-CV-00162

_____

FROM THE CIRCUIT COURT OF SHELBY COUNTY
THE HONORABLE JANICE M. HOLDER, JUDGE

Carl I. Jacobson of
McKnight, Hudson, Lewis, Ford & Harrison of Memphis
Ross Higman of
Wyatt, Tarrant & Combs of Memphis
For Appellants

Thomas R. Prewitt, Jr. and Donna L. Boyce of Memphis
For Defendant Lebonheur Children's Medical Center

Robert L. J. Spence, Jr. and Chapman Sellers Morrow of
The Hardison Law Firm of Memphis
For Defendants Carolyn Whitney, M.D.
and Grover W. Barnes, M.D., P.C.

***REVERSED AND REMANDED***

Opinion filed:

                         **W. FRANK CRAWFORD,**
                         **PRESIDING JUDGE, W.S.**

**CONCUR:**

**DAVID R. FARMER, JUDGE**

**HOLLY KIRBY LILLARD, JUDGE**

     The appeal of this medical malpractice case presents issues concerning comparative fault

principles. Plaintiffs, James Carroll and Forestine Carroll, for the use and benefit of the Estate

of Jesse Renee Carroll, a minor, deceased, and James Carroll and Forestine Carroll, individually, appeal the trial court's judgment on a jury verdict for defendants, Carolyn Whitney, M.D., Grover W. Barnes, M.D., P.C.,[1] and Lebonheur Children's Medical Center, Inc.

Plaintiffs' suit is for the wrongful death of their fourteenth month old daughter allegedly resulting from medical negligence or malpractice. Plaintiffs originally filed suit against the above-named defendants and Dr. Azra Sehic and Dr. Reggie Lyell, University of Tennessee resident physicians working at Lebonheur. Sehic and Lyell filed a motion to dismiss asserting their immunity from liability as state employees pursuant to T.C.A. § 9-8-307 (h). The trial court granted the motion, and the suit against the resident physicians, Sehic and Lyell, was dismissed. Subsequently, plaintiffs voluntarily dismissed that suit, and the present suit was filed. The answers of both Whitney and Lebonheur rely on the doctrine of comparative fault and allege that the direct and proximate cause of plaintiffs' loss was the negligence of the nonparties, the resident physicians, Sehic and Lyell.

Plaintiffs' motion *in limine* to strike the comparative fault defense and to prevent assessment of fault to the resident physicians was denied. While the instant case was pending, plaintiffs proceeded against the State of Tennessee in the Tennessee Claims Commission pursuant to T.C.A. § 9-8-307 (Supp. 1997).[2] Defendants were permitted to refer to plaintiffs' claim against the state and argued that the plaintiffs' loss was caused by the state employees, Sehic and Lyell. The trial court instructed the jury in this regard:

> As to their claims concerning Doctors Sehic and Lyell,
> Doctor Whitney, Doctor Barnes and Lebonheur Medical Center

---

[1] The suit against Grover W. Barnes, M.D., P.C., asserts only vicarious liability for the actions of Whitney.

[2] The commission has exclusive jurisdiction to determine all monetary claims against the state arising out of, among other things, professional malpractice. T.C.A. § 9-8-307 (a)(1)(D). Filing of the claim against the State operates as "a waiver of any cause of action, based on the same act or omission, which the claimant has against any state officer or employee." T.C.A. § 9-8-307 (b).

The act specifically states:

> (h) State officers and employees are absolutely immune from liability for acts or omissions within the scope of the officer's or employee's office or employment, except for willful, malicious, or criminal acts or omissions or for acts or omissions done for personal gain. For purposes of this chapter, "state officer" or "employee" has the meaning set forth in § 8-42-101(3).

have the burden of proving by a preponderance of the evidence, one, the recognized standard of acceptable professional practice of physicians in the community in which Doctor Sehic and Lyell practice and in which the alleged injury or wrongful action occurred; two, that Doctor Lyell, Doctor Sehic or both acted with less than or failed to act with ordinary and reasonable care in accordance with that standard and, three, that Doctor Sehic and/or Doctor Lyell's negligence, if any, was a proximate cause of the injuries and damages to the plaintiffs.

\*          \*          \*

In a case such as this, even if you find that a person was negligent, the party claiming that negligence must prove by a preponderance of the evidence that the person's negligence was a proximate cause of the injuries and damages to the Plaintiffs.

A proximate cause of any injury is a cause which in natural and continuous sequence produces the injury and without which the injury would not have occurred. In other words, it is that act or failure to act that directly or immediately and efficiently brings about the accident and injury.

\*          \*          \*

Ladies and gentlemen, you will be given a verdict form to record your verdict. Your first obligation is to determine the fault, if any, of each of the persons whom you have been instructed may be charged with fault. Next you must decide a percentage of fault, if any, to each of those persons. The percentage figure for each person may range from zero percent to 100 percent. When the percentage of the fault of all persons being compared are added together the total must equal 100 percent. The total percentage cannot be more or less than 100 percent.

The persons to whom you may assign fault are Carolyn Whitney, M.D. and Grover Barnes, M.D., P.C.; Lebonheur Children's Medical Center; Azra Sehic, M.D.; Reggie Lyell, M.D. and Forestine Carroll.

The jury found the plaintiffs' damages to be $600,000.00 and apportioned zero percent fault to Forestine Carroll, defendants Whitney and Lebonheur, and assessed thirty percent fault to Dr. Sehic and seventy percent fault to Dr. Lyell. Judgment was entered on the jury verdict, and plaintiffs' appeal presents a single issue as set out in their brief:

Did the Circuit Court err in allowing the defendants to plead the comparative fault of, and in allowing the jury to apportion fault to, non-parties who were immune from suit in tort?

Plaintiffs contended in the trial court and argue in this Court that pursuant to the Supreme Court's opinion in ***Ridings v. Ralph M. Parson's Co.,*** 914 S.W.2d 79 (Tenn. 1996), defendants cannot assert the fault of Sehic and Lyell because of their immunity granted by T.C.A. § 9-8-307

(h). In *Ridings*, plaintiff was injured in the course and scope of his employment which was covered by the workers compensation law of Tennessee. He subsequently filed a third-party tort action against the manufacturer and distributor of the ladder which he alleged caused his injury. The defendant sought to present proof that plaintiff's employer caused or contributed to his injury, and the issue before the Supreme Court was whether the defendants in a third-party suit for personal injuries sustained in the course and scope of plaintiff's employment and covered under the workers' compensation law can assert as an affirmative defense that the plaintiff's employer caused or contributed to the plaintiff's injuries. 914 S.W.2d at 80.

In holding that there could be no apportionment of fault to the employer, the Court said:

> The rationale of *McIntyre* postulates that fault may be attributed only to those persons against whom the plaintiff has a cause of action in tort. The designation "nonparty," used in *McIntyre*, is not a term of art; it means "not a party." However, it is given a particular meaning by the decision in *McIntyre*, wherein the Court found that, upon defendant's allegation that a person not a party to the suit, a "nonparty," caused or contributed to the plaintiff's injuries, the plaintiff, by amendment to the complaint and service of process, may make the "nonparty" a "party" that is answerable to the plaintiff in actions for damages according to the Rules of Civil Procedure. Consequently, only a nonparty against whom the plaintiff has a cause of action can be made a party. Since the plaintiff's employer cannot be made a party to the plaintiff's tort action for personal injuries sustained in the course and scope of his employment, the rationale of *McIntyre*, both as to principle and procedure, will not permit fault to be attributed to the plaintiff's employer.

914 S.W.2d at 81-82.

Our first line of inquiry is whether Sehic and Lyell, resident physicians acting in the course and scope of their employment with the University of Tennessee, are immune from suit as provided for in *Ridings*. Art. I, § 17, Constitution of the State of Tennessee, provides in part: "Suits may be brought against the state in such a manner and in such courts as the legislature may by law direct."

T.C.A. § 20-13-102 (a) (1994) provides:

> **20-13-102. Actions against state prohibited.** - (a) No court in the state shall have any power, jurisdiction, or authority to entertain any suit against the state, or against any officer of the state acting by authority of the state, with a view to reach the state, its treasury, funds, or property, and all such suits shall be dismissed as to the state or such officers, on motion, plea, or demurrer of the law officer of the state, or counsel employed for the state.

4

The legislature has not provided for the state to be sued for an action in tort in the courts of this state but has provided for claims to be filed against the state before the board of claims or the claims commission. T.C.A. § 9-8-307 (1992 & Supp. 1997). Notwithstanding the provision for making a claim against the state, the legislature did not see fit to relinquish the state's sovereign immunity and allow tort actions to be brought against the state in the state courts.

The statutory immunity granted to the resident physicians is basically a *quid pro quo* situation, i.e., the State, as the master or employer, becomes subject to liability, while at the same time the servants, or employees, are relieved of liability. Generally, when the master or employer's liability is based on the doctrine of *respondeat superior*, the master or employer cannot be held liable if the employee is not liable. **Loveman Co. v. Bayless**, 128 Tenn. 307, 315, 160 S.W. 841 (1913); **Sadler v. Draper**, 46 Tenn. App. 1, 326 S.W.2d 148 (1959). This rule does not apply where the nonliability of the servant is based upon personal immunity, 30 C.J.S. *Employer-Employee Relationship*, § 299 (1992); 27 Am.Jur.2d *Employment Relationship*, § 469 (1996), and this result is reached in the Tennessee Claims Commission Act. The State, in effect, is the alter-ego of the resident physicians. Although the State can be held responsible to plaintiff under the Claims Commission Act, the State remains immune from suit in the state courts.

*Ridings* specifically states: "Since the plaintiff's employer cannot be made a party to the plaintiff's tort action for personal injuries sustained in the course and scope of his employment, the rationale of **McIntyre**, both as to principle and procedure, will not permit fault to be attributed to the plaintiff's employer." **Ridings,** 914 S.W.2d at 82. Since the State and its employees cannot be made parties to plaintiff's tort action, they are immune from suit under the **Ridings** rationale.

The Court in **McIntyre v. Ballentine**, 833 S.W.2d 52 (Tenn. 1992) noted that "fairness and efficiency require that defendants called upon to answer allegations in negligence be permitted to allege, as an affirmative defense, that a nonparty caused or contributed to the injury or damage for which recovery is sought." 833 S.W.2d at 58. A corollary to this a statement is that fairness and efficiency require that a plaintiff be allowed to make the so-called nonparty a party to the tort action so that all claims can be resolved at one time.

Subsequent to **Ridings**, and after this case was concluded in the trial court, our Supreme

Court decided the case of *Snyder v. Ltg Lufttechnische GmbH*, 955 S.W.2d 252 (Tenn. 1997). This case came to the Supreme Court pursuant to Rule 23 of the Rules of the Supreme Court of Tennessee concerning certified questions of law from federal courts. The primary question presented was:

> 1. Whether products liability defendants in a suit for personal injuries based on allegations of negligence and strict liability in tort may introduce evidence at trial that the plaintiff's employer's alteration, change, improper maintenance, or abnormal use of defendants' product proximately caused or contributed to the plaintiff's injuries.

955 S.W.2d at 253. The Court determined that an employer cannot be found to be the proximate or legal cause of the plaintiff's injuries, because the employer is immune from tort liability under T.C.A. § 50-6-108 (a). *Id.* at 256. The Court did note, however, that the defendants in a products liability suit "for personal injuries based on allegations of negligence and strict liability in tort may introduce relevant evidence at trial that the plaintiff's employer's alteration, change, improper maintenance, or abnormal use of the defendants' product was a cause in fact of the plaintiff's injuries. Put another way, the jury may consider all evidence relevant to the event leading up to the incident that injured the plaintiff." *Id.* at 257. The Court then gave instructions as to how this evidence should be considered by the jury. The Court said:

> [T]he defendants may not take the legal position that the employer's actions were the legal cause of the plaintiff's injuries. The jury should be instructed that it may consider the actions of the employer only in assessing whether the plaintiff has met his burden of establishing the elements necessary to recover against the defendants. Also, the jury should be instructed that it may not, in making that determination, assess fault against the employer. Finally, the trial judge should give an instruction that lets the jury know that the employer's legal responsibility will be determined at a later time or has already been determined in another forum.

*Id.*

While we are not dealing with a products liability suit involving an employer-employee relationship and the employer's action, we do have a question of sovereign immunity. In both instances, provision is made for proceeding against an immune party in another forum.

Thus, we believe the rationale of *Snyder* should apply to the instant case. The trial court did not have the benefit of the Supreme Court's opinion in *Snyder* at the time this case was tried, and the jury instructions concerning the activities of the nonparties dealt with proximate or legal

6

cause as opposed to cause in fact. The defendants, while denying any error in the trial court proceedings, assert that if the trial court erred in its jury instructions, it was harmless error, because the jury assessed no fault to Whitney and Lebonheur. T.R.A.P. 36(b) provides:

> (b) Effect of Error. - A final judgment from which relief is available and otherwise appropriate shall not be set aside unless, considering the whole record, error in involving a substantial right more probably than not affected the judgment or would result in prejudice to the judicial process.

In the instant case, the jury was instructed to determine the proximate cause of plaintiffs' loss as opposed to a determination of cause in fact.[3] In *Snyder*, the Supreme Court expressly provided that there could be no finding of proximate or legal cause for plaintiffs' injuries because of the employer's complete immunity for tort liability. *Snyder,* 955 S.W.2d at 256. The *Snyder* Court noted that "the legislature has already determined that for policy reasons the employer may not be the legal cause of the plaintiff's injuries." *Id.* In the instant case, by the same token, the legislature has determined that the State and its employees are immune from suit in the state courts, and the legislature provided another forum to settle claims filed against the State.

The jury in the instant case was instructed to assign a percentage of fault to the resident physicians, and this instruction is contra to the Supreme Court's holding in *Snyder*. Moreover, the jury was instructed to determine proximate or legal cause for the plaintiff's injuries. The fault assessed to the resident physicians was determined to be the proximate or legal cause of plaintiff's injuries. If these resident physicians are immune from suit, as the employer in *Snyder*, they cannot be found to be the proximate or legal cause of plaintiff's injuries if we follow the mandate of the Supreme Court.

On the issue of harmless error, we believe there is a distinction between this case and the recent Supreme Court case of *Turner v. Jordan*, 957 S.W.2d 815 (Tenn. 1997). In *Turner*, the plaintiff's nurse was attacked and severely beaten by a psychiatric patient at the hospital. The defendant was the attending psychiatrist, and the nurse sued the defendant for medical negligence alleging "he violated his duty to use reasonable care in the treatment of his patient, which proximately caused her injuries and damages." *Id.* at 817. The jury was instructed to

_____

[3] Cause in fact and proximate or legal cause are different concepts. *Kilpatrick v. Bryant*, 868 S.W.2d 594, 598 (Tenn. 1993). Cause in fact deals with the "but for" consequences of act, and proximate or legal cause concerns a determination whether the legal liability should be imposed because cause in fact has been established. *Id.,* at 598.

allocate fault between the alleged negligence of the physician-defendant and the alleged intentional conduct of the mental patient. The jury allocated one hundred percent fault to the defendant-psychiatrist. The Supreme Court held that the conduct of the negligent physician should not have been compared to the conduct of the mental patient, stating "[t]he conduct of a negligent defendant should not be compared with the intentional conduct of another in determining comparative fault where the intentional conduct is the foreseeable risk created by the negligent tortfeasor." *Id.* at 823. The Court noted that while a negligent defendant may raise intentional acts of others to refute elements of duty and causation on the part of the defendant, "fairness dictates that it should not be permitted to rely upon the foreseeable harm it had a duty to prevent so as to reduce it's liability." *Id.* at 823. Notwithstanding the error occurring in the jury's comparison of fault, the Supreme Court determined that it was harmless error, because the jury assessed one hundred percent of the fault to the defendant-physician. Thus, in *Turner*, notwithstanding an instruction allowing the comparing of the fault mentioned, the jury determined that the physician bore the entire responsibility because of his failure to attempt to negate the foreseeable damages that he had a duty to prevent. So, in *Turner*, plaintiff did not suffer from the error that the Supreme Court found. However, in the instant case, it is uncertain as to whether the jury would have assessed zero fault to Whitney and Lebonheur if they had not been instructed that they could assess fault to Sehic and Lyell. Moreover, in view of the Supreme Court's specific instructions in *Snyder*, the erroneous charge in the case at bar could result in prejudice to the judicial process.

Accordingly, the judgment of the trial court is reversed, and the case is remanded to the trial court for further proceedings consistent with this opinion. Costs of appeal are assessed against the appellees.

_____
**W. FRANK CRAWFORD,**
**PRESIDING JUDGE, W.S.**

**CONCUR:**


_____
**DAVID R. FARMER, JUDGE**

_____
**HOLLY KIRBY LILLARD, JUDGE**