# IN THE SUPREME COURT OF TENNESSEE
## AT JACKSON
### May 24, 2000 Session Heard at Nashville

## JEAN CAROLYN DOTSON v. AMANDA B. BLAKE, DAN BLAKE, AND THE ESTATE OF ELVIS C. MADDOX, SR., AND MARTIN MANOR ASSOCIATES, LTD.

**Appeal by permission from the Court of Appeals, Western Section**
**Circuit Court for Weakley County**
**No. 2661, William B. Acree, Jr., Judge**

---

**No. W1998-00710-SC-R11-CV - Filed October 4, 2000**

---

This is an appeal from the Circuit Court of Weakley County, which refused to permit the jury in a personal injury case to allocate fault to tortfeasors who successfully asserted a statute of repose defense. The Court of Appeals affirmed the trial court. We granted review to decide whether fault may be attributed to tortfeasors who cannot be held liable because of a statute of repose. After examining the record, considering the arguments of the parties, and analyzing the applicable law, we conclude that the courts below erred in not allowing fault to be assigned to the tortfeasors who successfully asserted a statute of repose to the claims against them. Accordingly, for the reasons explained hereafter, the lower courts are reversed.

**Tenn. R. App. P. 11; Judgment of Court of Appeals Reversed**

FRANK F. DROWOTA, III, J., delivered the opinion of the court, in which ADOLPHO A. BIRCH, JR., and WILLIAM M. BARKER, JJ., joined. E. RILEY ANDERSON, C.J., filed a dissenting opinion, and JANICE M. HOLDER, J., filed a concurring opinion.

Marianna Williams and Anthony Williams, Dyersburg, Tennessee, for the Defendant-Appellant, Martin Manor Associates, Ltd.

Donald E. Parish, Huntingdon, Tennessee, for the Plaintiff-Appellee, Jean Carolyn Dotson

## OPINION

On December 16, 1994, the plaintiff, Jean Dotson, was riding as a passenger in a car driven by Elvis Maddox. The car in which Dotson was riding was struck by a car driven by Amanda Blake and owned by Dan Blake. The accident occurred at the intersection of Harrison Road and the driveway of an apartment complex owned by the defendant, Martin Manor Associates, Inc. ("Martin

Manor"). The Blake vehicle was traveling north on Harrison Road when it struck the Dotson vehicle as the Dotson vehicle was traveling south attempting a left turn across the northbound lane of Harrison Road into the apartment complex. The driveway to the apartment complex was located just over a hill which apparently restricted the sight distance of those traveling north on Harrison Road.

The plaintiff, who suffered severe injuries in the accident, filed a negligence suit against the Blakes and the Estate of Elvis Maddox.[1] The City of Martin was later named as a defendant after the Blakes filed an answer alleging that the negligence of the City caused or contributed to the plaintiff's injuries by maintaining a public road on a blind hill considering the speed and volume of traffic. Martin Manor, the entity that owned the apartment complex, was also added as a defendant. Martin Manor, in turn, asserted that its architectural firm, Hnedek, Bobo, Gooch and Associates ("Architect"), negligently designed the driveway on Harrison Road, and that its contractor, S. Webster Haining & Company ("Contractor"), negligently constructed it. The plaintiff subsequently amended her complaint to add the Architect and Contractor as defendants. However, those defendants were later dismissed from the case because the plaintiff's claim against them was barred as a matter of law pursuant to a statute of repose. See Tenn. Code Ann. § 28-3-202 (imposing a four-year statute of repose on claims for deficiencies in the design, planning, supervision, or construction of improvements to real property).

Prior to trial, Martin Manor filed a motion requesting that the trial court allow the jury to attribute fault to the Architect and Contractor, who were no longer parties. The trial court denied the motion. Martin Manor also submitted a jury verdict form which included the attribution of fault to the Architect and Contractor. The form was not used at trial, and the judge refused to charge the jury regarding attribution of fault to nonparties. The judge did, however, give an instruction that the actions of the Architect and Contractor could be considered in determining whether the plaintiff met her burden of establishing Martin Manor's liability, but that fault could not be assessed against the Architect or Contractor because the claims against them were barred by the applicable statute of repose. The jury found in favor of the plaintiff and assigned 51 percent of the fault to Martin Manor and 49 percent to the City of Martin. Neither driver involved in the accident was assessed any fault. The plaintiff was awarded a judgment of $225,000.

After filing a notice of appeal, the City of Martin paid its portion of the judgment and was dismissed from the case. Similarly, the Blakes settled with the plaintiff after trial and were dismissed from the case. Thus, Martin Manor was the only party to pursue the case in the Court of Appeals and is the only defendant before this Court.

Relying on this Court's decisions in Ridings v. Ralph M. Parsons Co., 914 S.W.2d 79 (Tenn. 1996) and Snyder v. Ltg. Lufttechnische GmbH, 955 S.W.2d 252 (Tenn. 1997), the Court of Appeals held that fault could not be attributed to tortfeasors who cannot be held liable due to a statute of

_____

[1]Maddox was injured in the accident and later died from his injuries.

repose.[2] Thus, the intermediate court affirmed the trial court's decision refusing to allow the jury to assess fault against the Architect and Contractor. We then granted review to decide whether a trier of fact should be permitted to consider the fault of tortfeasors who cannot be held liable because of a statute of repose.

After the Court of Appeals released its decision, this Court decided Carroll v. Whitney, ___ S.W.3d ___ (Tenn. 2000). Carroll was a medical malpractice case in which a defendant physician sought to have the jury assess fault against physicians who were immune from suit because they were employees of the State. As in the present case, the Court of Appeals in Carroll relied on Ridings and Snyder and concluded that the jury should not have been permitted to apportion fault to the immune physicians. We reversed, and joined the majority of jurisdictions that permit the allocation of fault to all tortfeasors, even immune ones, who cause or contribute to the plaintiff's injuries. Specifically, we concluded that "when a defendant raises the nonparty defense in a negligence action, a trier of fact may allocate fault to immune nonparties." Id. at ___. The adoption of this rule in Carroll was driven by a desire to remain true to the guiding principle of comparative fault, which is to link liability with fault and thereby achieve the fairest result possible. Id. at ___. Nonetheless, we carved out an exception for those cases like Ridings and Snyder involving plaintiffs injured on the job who seek damages from tortfeasors other than the plaintiff's immune employer.[3] However, even in cases brought by employees against third parties, fault can still be assessed against others against whom the employee could not recover "for any reason." Id. at ___.[4]

Clearly, the rule adopted in Carroll controls the present case where the question is whether fault may be assessed against tortfeasors who are effectively immune from liability because of a statute of repose.[5] In order to achieve the fairest result possible by linking liability with fault, Martin

---

[2]In Ridings and Snyder we held that fault could not be assessed against an immune employer in cases where an injured worker sought damages from a third party arising from a work-related injury.

[3]The rationale for the exception was to prevent the employer's right of subrogation from effectively precluding the employee from recovering damages from other tortfeasors. Carroll at ___.

[4]We gave the example of an employee who brings suit against two tortfeasors, one of whom successfully asserts a statute of limitations defense. We pointed out that under the rule adopted in Carroll, fault could be assigned to this nonparty, even though the plaintiff could not recover damages from the nonparty. Carroll at n. 6.

[5]The running of a statute of repose nullifies both the remedy and the right and has the effect of barring a plaintiff's claim as a matter of law. Wyatt v. A-Best Prod. Co., Inc., 924 S.W.2d 98, 102 (Tenn. Ct. App. 1995). In fact, a statute of repose can bar a claim even before it accrues. Id. For this reason, the Court of Appeals in the present case found that the protection afforded by a statute of repose is functionally indistinguishable from the protection afforded by an immunity defense like that asserted in Ridings and Snyder.

Manor should have been permitted to argue that some or all of the fault should have been assessed against the Architect and Contractor. Otherwise, liability might be imposed disproportionately to fault, a result plainly inconsistent with our comparative fault scheme. <u>See</u> <u>Carroll</u> at ___. Treating this case any differently from <u>Carroll</u> would require drawing difficult and subtle distinctions, if not artificial ones, making for an unworkable standard in this important area of comparative fault. This we decline to do.

Accordingly, we hold that the trier of fact should be allowed to consider the fault of a tortfeasor who is protected from liability due to a statute of repose. The judgment of the Court of Appeals is reversed and the case remanded for a new trial. Costs of this appeal are taxed to the plaintiff.

_____
FRANK F. DROWOTA, III, JUSTICE