# IN THE SUPREME COURT OF TENNESSEE
## AT JACKSON
May 2000 Session Heard at Nashville

## JEAN CAROLYN DOTSON v. AMANDA B. BLAKE, ET AL.

**Appeal by Permission from the Court of Appeals, Western Section**
**Circuit Court for Weakley County**
**No. 2661      William B. Acree, Jr., Judge**

---

**No. W1998-00710-SC-R11-CV - Filed October 4, 2000**

---

JANICE M. HOLDER, J., concurring.

I concur in the result reached by the majority. I write separately to state the basis for my concurrence.

In McIntyre v. Balentine, 833 S.W.2d 52 (Tenn. 1992), we adopted a modified system of comparative fault in which parties contributing to the plaintiff's injuries were to be held liable only to the extent of their relative percentages of fault. Ridings v. Ralph M. Parsons Co., 914 S.W.2d 79 (Tenn. 1996), highlighted the problems inherent in the application of McIntyre to workers who sustained employment-related injuries and who filed tort actions against persons other than their employers. These workers found themselves in a unique situation. They were subject to both the tort system's doctrine of comparative fault adopted by this Court and the workers' compensation system's doctrine of no-fault recovery created by the legislature.

A strict application of both of these doctrines would effect a double reduction of the plaintiff's tort damages that would not occur in any other area of the law. The first reduction, resulting from an application of McIntyre, would decrease the plaintiff's damages by the amount of fault attributable to (and therefore uncollectible against) the employer. The second reduction would occur when the employer exercised its statutory right of subrogation to collect the workers' compensation benefits paid to the employee. See Tenn. Code Ann. § 50-6-112(c)(1).[1]

---

[1] What was at the time of Ridings a potential second reduction was eventually confirmed as a certainty by our decision in Castleman v. Ross Eng'g, Inc., 958 S.W.2d 720 (Tenn. 1997), in which we held that an employee need not be made whole before an employer could exercise its statutory right of subrogation.

Our solution of the issue in <u>Ridings</u> was to preclude juries from considering the employer's fault. That holding ensures that workers will not suffer a double reduction of their awards. Precluding any mention of the employer by the manufacturer, however, could leave the manufacturer without the ability to explain events that occurred after the product left its control. In some cases, it would leave a manufacturer without any defense. In <u>Snyder v. LTG Lufttechnische GmbH</u>, 955 S.W.2d 252 (Tenn. 1997), we attempted to cure that inequity by allowing a jury to consider the fault of the employer. We permitted the defendant to attempt to refute the plaintiff's contention that the defendant's product was the cause-in-fact of his injury.[2] The <u>Snyder</u> solution creates its own problems, however. We permit juries to hear evidence about an employer's fault but preclude those same juries from apportioning fault between the employer and the manufacturer. Instead, we permit the defendant to point to the employer as the "cause-in-fact" of the injury and to argue that the manufacturer should be absolved from *all* liability. This is an imperfect solution to a thorny problem.

Unfortunately, the rationale used in <u>Ridings</u> is so broad as to exclude from consideration of fault any person who could not be joined as a party. <u>See Ridings</u>, 914 S.W.2d at 81-82 ("The rationale of <u>McIntyre</u> postulates that fault may be attributed only to those persons against whom the plaintiff has a cause of action . . . . Consequently, only a non-party against whom the plaintiff has a cause of action can be made a party."). The solutions required by <u>Ridings</u> and <u>Snyder</u>, however, are not required outside the non-workers' compensation context. I therefore agree that the extension of the rules announced in those cases to other "immune" non-parties was totally unwarranted. In no other type of case are we faced with the clash of two distinct systems of recovery. In no other type of case does the plaintiff face the potential of a double reduction caused by both uncollectibility and subrogation. Extending <u>Ridings</u> and <u>Snyder</u> to cases involving other "immune" non-parties would be to apply an imperfect solution to a problem that simply does not exist.

The dissent characterizes the result in this case as a departure from our recently decided precedent and claims that we have thereby violated the doctrine of stare decisis. <u>See also Carroll v. Whitney</u>, __ S.W.3d __ (Tenn. 2000) (Anderson, C.J., dissenting on same grounds). I cannot agree. As stated above, the rules in <u>Ridings</u> and <u>Snyder</u> remedied specific problems arising from a clash between comparative fault and workers' compensation law. Those problems do not exist in this case.

We have long held that stare decisis "only applies with reference to decisions directly upon the point in controversy" and "only arises in respect of decisions directly upon the points in issue." <u>State ex rel. Pitts v. Nashville Baseball Club</u>, 154 S.W. 1151, 1155 (Tenn. 1913) (quoting <u>Pollack</u>

---

[2]We permit a manufacturer to explain that the employer's actions should absolve the manufacturer of all fault. The defense is therefore "all or nothing" since the manufacturer is not permitted to plead that the employer's fault should be apportioned. Interestingly, that defense apparently is unavailable in tort cases involving third parties who are not "immune." We held in <u>George v. Alexander</u>, 931 S.W.2d 517 (Tenn. 1996), that a defendant who wishes to introduce evidence that a person other than the defendant caused the plaintiff's injury must *affirmatively plead* comparative fault as a defense. <u>See</u> id. at 521. Simply defending on grounds that the defendant was not a proximate cause of the plaintiff's injuries does not entitle the defendant to shift blame to a non-party. <u>See</u> id.

v. Farmers' Loan & Trust Co., 157 U.S. 429 (1895)). <u>Ridings</u> and <u>Snyder</u> decided issues that arose in a specific context not applicable to this case. The doctrine of stare decisis is therefore not implicated, and <u>Ridings</u> and <u>Snyder</u> may properly be limited to their respective facts. <u>See</u> <u>Carroll v. Whitney</u>, __ S.W.3d __ (Tenn. 2000) (so limiting <u>Ridings</u> and <u>Snyder</u>).

Indeed, the equally important doctrine of judicial restraint should compel us from deciding issues not before us. <u>See, e.g.</u>, <u>Staten v. State</u>, 232 S.W.2d 18, 20 (Tenn. 1950) (noting that Tennessee Supreme Court does not "render advisory opinions on questions which are premature and contingent and may never arise in the future"). It would not have been appropriate in either <u>Ridings</u> or <u>Snyder</u> for us to forecast our rulings in all cases involving comparative fault and "immune" non-parties. Accordingly, today's decision in no way departs from the rules announced in those cases. For these reasons, I join the majority's decision to reverse the Court of Appeals.

 

 

_____
JANICE M. HOLDER, JUSTICE
