IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
December 5, 2017 Session

## EDNA GREEN v. ST. GEORGE'S EPISCOPAL CHURCH

**Appeal from the Circuit Court for Davidson County**
**No. 14C-5008      Kelvin D. Jones III, Judge**

_____

**No. M2017-00413-COA-R3-CV**

_____

This appeal arises from a jury verdict in a personal injury action. The defendant alleged the comparative fault of a nonparty who was potentially immune from liability under Tennessee's agritourism statute. *See* Tenn. Code Ann. §§ 43-39-101 to -103 (Supp. 2018). Before trial, the defendant asked the court to exclude all evidence and argument before the jury regarding statutory immunity as irrelevant and prejudicial. The court excluded argument and evidence of immunity but allowed the parties to present evidence on whether the nonparty had complied with the statute. At the conclusion of the trial, the court permitted the jury to apportion a percentage of fault to the nonparty without considering the nonparty's compliance with the agritourism statute. On appeal, the plaintiff argues that the trial court erred in allowing the jury to allocate fault to the nonparty because the agritourism statute provided immunity from fault as well as liability. We conclude that nothing in the agritourism statute precludes the allocation of fault to a nonparty agritourism professional in a negligence action. So we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S. and RICHARD H. DINKINS, J., joined.

Timothy T. Ishii, Nashville, Tennessee, for the appellant, Edna Green.

Jason K. Murrie and Thomas I. Carlton, Jr., Nashville, Tennessee, for the appellee, St. George's Episcopal Church.

# OPINION

## I.

In June 2013, Edna Green, a parishioner of St. George's Episcopal Church, participated in a church-sponsored outing to a local farm. She was transported to the farm on a bus owned by the church and driven by a fellow parishioner. The farm had a gravel driveway with a posted speed limit of five miles per hour. The driveway contained two drainage berms designed to combat erosion. When the bus crossed over the berms, the resulting jolt severely injured Ms. Green. The bus driver maintained that he never saw the drainage berms and, at the time of impact, the bus was traveling approximately five to ten miles per hour.

On November 25, 2014, Ms. Green filed a personal injury action against St. George's Episcopal Church in the Circuit Court for Davidson County, Tennessee. St. George's, in its answer, alleged the comparative fault of Partnership Management Services, Inc. d/b/a Green Door Gourmet ("Green Door Gourmet"). But Ms. Green never amended her complaint to include Green Door Gourmet as a defendant.

Ms. Green moved for partial summary judgment on the affirmative defense of comparative fault, arguing that Tennessee's agritourism statute precluded a finding that Green Door Gourmet's conduct caused or contributed to her injuries. *See* Tenn. Code Ann. §§ 43-39-101 to -103 (Supp. 2018). St. George's opposed the motion and also filed a motion in limine to exclude any evidence or discussion in the presence of the jury about the agritourism statute. St. George's argued that, although Green Door Gourmet was potentially immune from liability, the jury could still apportion fault to an immune party. So it maintained that any evidence about the statute was irrelevant and prejudicial.

The trial court denied the motion for partial summary judgment and granted the motion in limine in part. The court excluded any references to the statute or discussions of immunity in the presence of the jury but allowed the parties to introduce evidence of either Green Door Gourmet's compliance or lack of compliance with the statute. The court ruled that the jury could apportion fault to Green Door Gourmet only if it found that the farm was not entitled to statutory immunity. The court denied St. George's request to reconsider, and the case proceeded to trial.

Ms. Green submitted a special verdict form to aid the jury in determining whether Green Door Gourmet had complied with the agritourism statute. But, after reconsidering its previous ruling permitting evidence of compliance with the statute, the court chose not to use the proposed verdict form. Instead, the court prohibited Ms. Green from arguing at closing that Green Door Gourmet was not at fault because of compliance with the statute. So the jury was free to allocate a percentage of fault to the farm.

2

The jury returned a verdict in Ms. Green's favor but apportioned fault 15% to St. George's and 85% to Green Door Gourmet. The trial court approved the jury verdict and entered judgment for Ms. Green. After the court denied her motion for a new trial, Ms. Green appealed to this Court.

## II.

Ms. Green contends the trial court erred in granting St. George's motion in limine and declining to use her special verdict form. The resolution of both issues depends on the meaning of the agritourism statute. Statutory interpretation is a question of law, which we review de novo with no presumption of correctness. *Davis ex rel. Davis v. Ibach*, 465 S.W.3d 570, 573 (Tenn. 2015).

### A.

Tennessee has adopted a modified version of comparative fault. *See McIntyre v. Balentine*, 833 S.W.2d 52, 57 (Tenn. 1992). By closely linking liability to fault, our supreme court sought to "strike[] the proper balance between the plaintiff's interest in being made whole with the defendant's interest in paying only those damages for which the defendant is responsible." *Banks v. Elks Club Pride of Tenn. 1102*, 301 S.W.3d 214, 220 (Tenn. 2010). Thus, a defendant may "allege, as an affirmative defense, that a nonparty caused or contributed to the [plaintiff's] injury," and if negligence is proven, the jury may apportion a percentage of fault to the nonparty. *McIntyre*, 833 S.W.2d at 58; *see Carroll v. Whitney*, 29 S.W.3d 14, 21 (Tenn. 2000) ("[A] jury can apportion fault to a nonparty only after it is convinced that the defendant's burden of establishing that a nonparty caused or contributed to the plaintiff's injury has been met.").

Tennessee "broadly permit[s] allocation of fault to all persons involved in an injury-causing event." *Carroll*, 29 S.W.3d at 21. "[W]hen a defendant raises the nonparty defense in a negligence action, a jury may generally apportion fault to immune nonparties." *Id.* at 19. The goal of our comparative fault regime—"a fair and tight fit" between fault and liability—cannot be achieved "when some participants to an act of negligence are excluded from the apportionment of fault." *Id.* at 20. For the same reason, juries may allocate fault to nonparties who are "effectively immune" from liability due to a statute of repose. *Dotson v. Blake*, 29 S.W.3d 26, 29 (Tenn. 2000).

But there are exceptions to the rule. In tort cases involving work-related injuries, a jury cannot apportion fault to the plaintiff's employer due to the unique workings of our workers' compensation scheme. *Carroll*, 29 S.W.3d at 19; *Snyder v. LTG Lufttechnische GmbH*, 955 S.W.2d 252, 256 (Tenn. 1997); *Ridings v. Ralph M. Parsons Co.*, 914 S.W.2d 79, 82 (Tenn. 1996).

Our supreme court has recognized another exception to the broad general rule based on an explicit legislative finding in the Dram Shop Act. *Biscan v. Brown*, 160 S.W.3d 462, 474 (Tenn. 2005); *see* Tenn. Code Ann. § 57-10-101 (2018). The legislature has determined that "the consumption of any alcoholic beverage or beer rather than the furnishing of any alcoholic beverage or beer is the proximate cause of injuries inflicted upon another by an intoxicated person." Tenn. Code Ann. § 57-10-101. Our supreme court held that this statutory language evidenced a policy determination that "persons who furnish alcohol are not at fault for injuries inflicted by an intoxicated person" unless a specific statutory exception applied. *Biscan*, 160 S.W.3d at 472-73; *see* Tenn. Code Ann. § 57-10-102. Thus, a jury may not apportion fault to an individual who furnishes alcohol in a social setting because the statute "removes, as a matter of law, the required element of legal causation." *Biscan*, 160 S.W.3d at 472.

B.

With this background, we consider the agritourism statute. Our goal in statutory interpretation is to "ascertain and effectuate the legislature's intent." *Kite v. Kite*, 22 S.W.3d 803, 805 (Tenn. 1997). When a statute's language is unambiguous, we derive legislative intent from the statute's plain language. *Carson Creek Vacation Resorts, Inc. v. Dep't of Revenue*, 865 S.W.2d 1, 2 (Tenn. 1993). The words used in the statute should be given their natural, ordinary meaning "in the context in which they appear in the statute and in light of the statute's general purpose." *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 526 (Tenn. 2010).

Subject to exceptions that are inapplicable here,[1] the statute provides:

(1) No agritourism professional shall be liable for injury to or death of a

---

[1] Liability is not limited if the agritourism professional

(1) Commits an act or omission that constitutes reckless disregard for the safety of the participant, and that act or omission proximately causes injury, damage or death to the participant;
(2) Has actual knowledge or reasonably should have known of a dangerous condition on the land, facilities or equipment used in the activity or the dangerous propensity of a particular animal used in the activity and does not make the danger known to the participant, and the danger proximately causes injury, damage or death to the participant;
(3) Fails to train, or improperly or inadequately trains, employees who are actively involved in agritourism activities, and an act or omission of the employee proximately causes injury, damage or death to the participant;
(4) Intentionally injures the participant; or
(5) Commits any other act, error or omission that constitutes willful or wanton misconduct, gross negligence or criminal conduct.

Tenn. Code Ann. § 43-39-102(b).

4

participant resulting solely from the inherent risks of agritourism activities, as long as the warning contained in § 43-39-103(b) is posted as required; and

(2) No participant or participant's representative shall maintain an action against or recover from an agritourism professional for injury, loss, damage or death of the participant resulting exclusively from any of the inherent risks of agritourism activities.

Tenn. Code Ann. § 43-39-102(a).

This language demonstrates a legislative intent to limit the liability of agritourism professionals for injuries resulting "solely" from the inherent risks of agritourism activities[2] if the appropriate warnings are posted. *See Shore v. Maple Lane Farms, LLC*, 411 S.W.3d 405, 429 (Tenn. 2013) ("The purpose of the agritourism statute[], on the other hand, is to limit the liability of 'agritourism professionals' for injuries to persons who come to their property to enjoy corn mazes, hayrides, pick-your-own pumpkin and strawberry patches, and other agritourism activities."). Unlike the policy declaration apparent on the face of the Dram Shop Act, the agritourism statute does not make agritourism professionals immune from fault as well as liability. And the additional language restricting a participant's ability to "maintain a cause of action" does not change our conclusion. A participant's ability to bring suit affects whether the participant may recover damages, not whether a jury can assess fault. *See Carroll*, 29 S.W.3d at 17 ("A plaintiff's ability to bring a cause of action was only important—to the extent that it mattered at all in the Court's analysis—in determining whether the plaintiff could recover damages, not whether a jury could apportion fault to a nonparty.").

We conclude that nothing in the agritourism statute evidences a legislative intent to preclude allocation of fault to an agritourism professional. Our supreme court has "been careful to craft a system of comparative fault which remains true to the goal of linking liability to fault." *Biscan*, 160 S.W.3d at 485 (Drowota, J., dissenting in part). Where, as here, there are multiple participants in an injury-causing event, the jury is entitled to hear all the relevant evidence and allocate fault to those participants that caused or contributed to the plaintiff's injury. *See Carroll*, 29 S.W.3d at 19. "Otherwise, liability might be imposed disproportionately to fault, a result plainly inconsistent with our comparative fault scheme." *Dotson*, 29 S.W.3d at 29.

---

[2] The statute defines the "[i]nherent risks of agritourism activity" as "those dangers, conditions or hazards that are an integral part of an agritourism activity, including, but not limited to," surface conditions. Tenn. Code Ann. § 43-39-101(3)(A)(i).

5

## III.

Because the agritourism statute provides immunity from liability, not immunity from fault, the trial court did not err in allowing the jury to allocate fault to Green Door Gourmet.  Thus, the trial court did not err in granting the motion in limine or declining to use the plaintiff's special verdict form.  We affirm the trial court's decision in all respects.

_____
W. NEAL MCBRAYER, JUDGE